[No. 13984-7-II.  Division Two.  March 4, 1993.]

THE STATE OF WASHINGTON, *Appellant*, v. BENJAMIN H. ROBBINS, *Respondent*.

*C.C. Bridgewater, Prosecuting Attorney,* and *Douglas S. Boole, Deputy,* for appellant.

*John A. Hayes,* for respondent (appointed counsel for appeal).

MORGAN, J. — After a jury found Benjamin Robbins guilty of possession of cocaine with intent to deliver, the trial court granted his motion to arrest judgment. The State appeals, and we affirm.

On March 15, 1990, at approximately 9 p.m., police officers executed a search warrant at Robbins's residence in Longview. They did not find any immediately identifiable controlled substances. However, they found three small plastic baggies and a spoon, as well as sales ledgers, cutting agents and paraphernalia tending to show that Robbins was a dealer in cocaine.

Later, the state toxicologist used infrared spectrography to find trace amounts of cocaine in the three baggies. Those amounts were not visible to the naked eye. The toxicologist also found trace amounts of cocaine on the spoon. Neither the cocaine in the baggies nor the cocaine on the spoon was in sufficient quantity to effect a sale.

The State charged Robbins with possession of cocaine with intent to deliver, and the matter went to trial. The jury was instructed on both possession with intent to deliver and the lesser included offense of simple possession. It found Robbins guilty of possession with intent to deliver.

After trial, Robbins moved to arrest judgment on grounds of insufficient evidence. The trial court ruled the evidence was insufficient to support a conviction for possession with intent to deliver,[1] but sufficient to support a conviction for the lesser included offense of simple possession. The trial court entered judgment on the lesser offense and sentenced Robbins to 2 months in the county jail. The State now appeals.[2]

When reviewing an order arresting judgment granted pursuant to CrR 7.4(a)(3), an appellate court's function is to determine "whether the evidence is legally sufficient to support the jury's finding." *State v. Pleasant*, 38 Wn. App. 78, 80, 684 P.2d 761, *review denied*, 103 Wn.2d 1006 (1984). The evidence is sufficient if any rational trier of fact viewing it most favorably to the State could have found the essential elements of the charged crime beyond a reasonable doubt. *State v. Green*, 94 Wn.2d 216, 221-22, 616 P.2d 628 (1980) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979)); *State v. Rempel*, 114 Wn.2d 77,

---

[1]The trial court reasoned: "You can't tell without scientific examination that there was ever cocaine in these little baggies, and I don't feel that you can be convicted of possession with intent to deliver something you have that is nothing to sell or give away. It is unusable." Report of Proceedings, at 142.

[2]The defendant does not cross-appeal his conviction for simple possession, and we do not disturb that conviction.

82, 785 P.2d 1134 (1990); *State v. Bingham*, 105 Wn.2d 820, 823, 719 P.2d 109 (1986); *State v. Baeza*, 100 Wn.2d 487, 490, 670 P.2d 646 (1983).

    ■ Evidence is not sufficient to support a conviction for possession with intent to deliver unless a rational trier could find that the defendant possessed the same cocaine he intended to deliver. RCW 69.50.401(a) states that "it is unlawful for any person to . . . possess with intent to . . . deliver, a controlled substance", and the plain meaning of this language is that possession and intent to deliver refer to the same quantity of controlled substance. Moreover, this meaning was confirmed in *United States v. Latham*, 874 F.2d 852, 860-63 (1st Cir. 1989), which involved a federal statute virtually identical to RCW 69.50.401(a).[3] There, the trial judge instructed that the defendant "need not have the intent to distribute the specific cocaine which he possesses in order to be guilty of this offense." (Italics omitted.) Holding this instruction to be erroneous, the Court of Appeals held:

> This instruction amounted to telling the jury that it could find Latham guilty of possession with intent to distribute cocaine even if the defendant did not intend to distribute the cocaine he in fact possessed, but if he had the intent to distribute some unspecified amount of cocaine, that he did not currently possess, at some unspecified time in the future. Such an interpretation of the statute is erroneous. The crucial words of the statute are "possess with intent to distribute a controlled substance." The common sense meaning of this language is that possession and intent to distribute refer to the same controlled substance. The instruction changes the statute to make it read: "possess a controlled substance *and* have a general intent to distribute at some time (the same or a different) controlled substance." This interpretation distorts the clear meaning of the statute.

*Latham*, 874 F.2d at 861.

    In this case, Robbins possessed trace amounts of cocaine that were invisible to the naked eye, unusable and without value. There is no reasonable inference that he intended to deliver such amounts to someone else, and even when viewed

---

[3]21 U.S.C. § 841(a) provides that "it shall be unlawful for any person knowingly or intentionally — (1) to . . . possess with intent to . . . distribute, or dispense, a controlled substance . . .."

most favorably to the State, the evidence was not such that a rational trier could have so found beyond a reasonable doubt.

■ The State argues that there was an "overwhelming amount of evidence that the defendant was buying and selling drugs."[4] Assuming that to be true, such evidence warrants only an inference that the defendant intended to deliver cocaine not yet possessed, and such an inference will not support a conviction for possession with intent to deliver.

The State argues that Robbins did not discard the three baggies because he intended to put new amounts of cocaine into them, then deliver the baggies and their contents — including the trace amounts present in the baggies on March 15, 1990 — to other persons. This argument fails because there is absolutely nothing to indicate that Robbins intended to use the three baggies to deliver cocaine in the future.

■ Lastly, the State argues that the trial court lacked authority to enter judgment on the lesser included offense of simple possession. An appellate court that reverses a conviction of possession with intent to deliver on grounds of insufficiency of the evidence may remand the case for entry of an amended judgment on the lesser included offense of possession, *see State v. Cobelli*, 56 Wn. App. 921, 925-26, 788 P.2d 1081 (1989); *State v. Kovac*, 50 Wn. App. 117, 121, 747 P.2d 484 (1987); *State v. Liles*, 11 Wn. App. 166, 170, 173, 521 P.2d 973, *review denied*, 84 Wn.2d 1005 (1974), and it follows that a trial court which arrests judgment on a conviction of possession with intent to deliver can enter a judgment of guilt on simple possession, assuming of course that the elements of that lesser offense have been established.

Affirmed.

ALEXANDER, C.J., and SEINFELD, J., concur.

---

[4]Brief of Appellant, at 11.