212 P.3d 603 (2009)
STATE of Washington, Respondent,
v.
Francisco Javier MILLAN, Appellant.
No. 37172-3-II.
Court of Appeals of Washington, Division 2.
August 7, 2009.
*604 Kathryn A. Russell Selk, Russell Selk Law Office, Seattle, WA, for Appellant.
Stephen D. Trinen, Pierce County Prosecutors Office, Tacoma, WA, for Respondent.

PUBLISHED IN PART OPINION
QUINN-BRINTNALL, J.
¶ 1 Francisco J. Millan appeals his first degree unlawful possession of a firearm conviction. The charge was filed after police, who were responding to a citizen's report that a man and woman were fighting in a car, arrested Millan and seized the firearm they found during the search of the vehicle incident to Millan's arrest. For the first time on appeal, Millan argues that under the U.S. Supreme Court's recent decision in Arizona v. Gant, ___ U.S. ___, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009), the search of his vehicle was unlawful and the firearm must be suppressed. But Millan waived his right to challenge the search of his vehicle by failing to file a motion to suppress this evidence in the trial court. Because Millan's counsel's conduct in not filing the motion to suppress did not fall below the pre-Gant standard, Millan was not deprived of his right to effective assistance of counsel. None of Millan's other issues have merit,[1] and we affirm.

FACTS

Factual Background
¶ 2 On April 1, 2007, Tacoma Police responded to a report that a domestic violence disturbance was occurring in a vehicle in Tacoma's Hilltop neighborhood. Officers located *605 the vehicle, pulled up behind it, and activated their lights. The driver, Millan, slowed but did not immediately pull over, passing available parking spaces. Concerned that Millan was preparing to elude them, officers activated the patrol vehicle's siren; Millan pulled over in a space located approximately two blocks from where police initially activated their lights.
¶ 3 Officers requested that Millan get out of the car and immediately placed him in wrist restraints and frisk searched him for weapons. They then placed Millan in the back of the patrol vehicle because he "was yelling out the female[passenger's] name and [was] giving ... hard and intimidating looks in her direction." 2 Report of Proceedings (RP) at 106.
¶ 4 Officers also asked Millan's wife to get out of the vehicle. She "appeared to be very upset, had been crying, and appeared fearful." 2 RP at 65. While the officers investigated, Millan's wife stood either at the front of the vehicle or in the open door of the passenger side of the vehicle. After questioning, Millan was arrested for driving while his license was suspended.
¶ 5 Millan was detained in the back of the patrol car. Before conducting a search of Millan's vehicle incident to this arrest, Officer Timothy Caber requested that Millan's wife step away from the vehicle's open door and move to the curb in front of the vehicle. Caber seized a pistol he found on the floor behind the driver's seat. The gun was sitting on its spine, with the magazine pointing toward the front of the vehicle, and the barrel pointing toward the back of the vehicle. Caber ran a records check and, finding that Millan had previously been convicted of a felony, arrested him on the additional charge of first degree unlawful possession of a firearm.
¶ 6 The State charged Millan with first degree unlawful possession of a firearm and first degree driving while license suspended or revoked. Before trial, Millan filed a motion in limine to exclude reference to his domestic violence charges pending in another court, which the trial court granted. He did not move to suppress or otherwise object to the admission of the firearm. On the morning jury trial began, Millan pleaded guilty to first degree driving while license suspended or revoked. The jury returned a verdict finding Millan guilty of first degree unlawful possession of a firearm and, after denying his motion for a new trial on alleged juror misconduct, the trial court calculated Millan's offender score at 4 and sentenced him to a standard range sentence of 42 months incarceration.
¶ 7 Millan timely appealed his conviction and the trial court's denial of his motion for a new trial. On May 11, 2009, Millan filed a supplemental brief, citing Gant, in which he argued for the first time that the firearm used to convict him was obtained illegally. At oral argument, Millan's appellate counsel expressly addressed trial counsel's failure to file a suppression motion, acknowledging that because Gant was unexpected, trial counsel's performance could not be found to have been deficient. State v. McFarland, 127 Wash.2d 322, 334-35, 899 P.2d 1251 (1995) (To demonstrate ineffective assistance of counsel, a defendant must show that (1) defense counsel's performance was deficient, meaning that counsel's performance fell below an objective standard of reasonableness based on all the circumstances, and (2) the deficient performance prejudiced him, meaning there was a reasonable probability that the result of the proceeding would have been different absent counsel's unprofessional errors.).
¶ 8 In the published portion of this opinion, we address whether Millan may challenge the search of his vehicle for the first time on appeal. Because the issues raised in Millan's opening brief and SAG are controlled by well-settled law, we address them in the unpublished portion of this opinion.

ANALYSIS

Suppression of Evidence
¶ 9 Millan argues that he may challenge the admissibility of evidence on the grounds that it is the product of an unlawful search for the first time on appeal. We disagree.
¶ 10 Initially, Millan asserts that Gant, which was issued on April 21, 2009, applies *606 retroactively and contends that, under Gant, the warrantless search of his vehicle incident to arrest was unlawful. The State concedes that the rule announced in Gant applies to Millan's appeal but counters that Millan has waived his right to challenge the search of his vehicle by failing to raise the issue below. We agree with the parties that Gant applies to all cases not yet final on April 21, 2009. See Griffith v. Kentucky, 479 U.S. 314, 328, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987) ("a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final"); State v. McCormack, 117 Wash.2d 141, 144-45, 812 P.2d 483 (1991), cert. denied, 502 U.S. 1111, 112 S.Ct. 1215, 117 L.Ed.2d 453 (1992). We disagree, however, about Gant's effect on the case before us.
¶ 11 In Gant, Tucson, Arizona police officers arrested Gant for driving on a suspended license. 129 S.Ct. at 1715. After handcuffing Gant and placing him in the back of a patrol car, officers searched his vehicle and found cocaine in the pocket of a jacket in the back seat.[2]Gant, 129 S.Ct. at 1715. The Supreme Court held that the warrantless search of Gant's car was unconstitutional under the circumstances, announcing the rule:
Police may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest. When these justifications are absent, a search of an arrestee's vehicle will be unreasonable unless police obtain a warrant or show that another exception to the warrant requirement applies.
Gant, 129 S.Ct. at 1723-24.[3]
¶ 12 At the trial court, Gant moved to suppress evidence seized by police during their warrantless search of his car and, thus, the Supreme Court did not address whether it would review his Fourth Amendment claim absent such a motion. Gant, 129 S.Ct. at 1715. But it is well established that federal courts, applying plain error review, recognize the general rule that a criminal defendant must preserve an error at trial to raise the issue on appeal. Fed.R.Crim.P., 51(b), 52(b); see Puckett v. United States, ___ U.S. ___, 129 S.Ct. 1423, 1428, 173 L.Ed.2d 266 (2009) ("If a litigant believes that an error has occurred (to his detriment) during a federal judicial proceeding, he must object in order to preserve the issue. If he fails to do so in a timely manner, his claim for relief from the error is forfeited."). And every circuit of the United States Court of Appeals has routinely declined to address search and seizure issues raised for the first time on appeal. See, e.g., United States v. Alcaraz-Arellano, 441 F.3d 1252, 1260 (10th Cir.2006) (declining to address claim that consent to search car was made involuntarily because claim was not asserted below); United States v. Lockett, 406 F.3d 207, 212 (3d Cir.2005) ("It is well settled that arguments asserted for the first time on appeal are deemed to be waived and consequently are not susceptible to review in this Court absent exceptional circumstances."); United States v. Luciano, 329 F.3d 1, 8-9 (1st Cir.2003) (declining to address defendant's claim that consent to search was coerced because this argument was not included in the motion to suppress below); United States v. Walls, 225 F.3d 858, 861-62 (7th Cir.2000) (an argument not included in the motion to suppress below is forfeited); United States v. Lampton, 158 F.3d 251, 258-59 (5th Cir.1998) (defendant waived argument that evidence should have been suppressed by failing to object below), cert. denied, 525 U.S. 1183, 119 S.Ct. 1124, 143 L.Ed.2d 119 (1999); United States v. Childs, 944 F.2d 491, 495 (9th Cir.1991) (declining to address argument raised for the first time on appeal that was not a purely legal issue); United States v. Crismon, 905 *607 F.2d 966, 969 (6th Cir.1990) ("[O]bjections that appear for the first time on appeal are conclusively deemed to be waived, with the effect that [the Court of Appeals is] deprived of jurisdiction"); United States v. Valdes, 876 F.2d 1554, 1558 (11th Cir.1989) (Although a person typically has a legitimate expectation of privacy in his garage such that evidence seized in a warrantless search of the garage would be suppressed, a failure to raise an objection at trial results in a waiver of the claim on appeal); United States v. Surridge, 687 F.2d 250, 255-56 (8th Cir.) (declining to address search and seizure issue not raised at trial), cert. denied, 459 U.S. 1044, 103 S.Ct. 465, 74 L.Ed.2d 614 (1982); Indiviglio v. United States, 612 F.2d 624, 630 (2d Cir. 1979) ("[A] failure to assert before trial a particular ground for a motion to suppress certain evidence operates as a waiver of the right to challenge the admissibility of the evidence on [that] ground."), cert. denied, 445 U.S. 933, 100 S.Ct. 1326, 63 L.Ed.2d 768 (1980); United States v. Fisher, 440 F.2d 654, 656 (4th Cir.1971) ("Where there are no objections to the search warrant before or during the trial ... the question of probable cause is not properly before the court for review."); Fuller v. United States, 407 F.2d 1199, 1214 (D.C.Cir.1967) (declining to address argument that warrant did not comply with federal rule because objection was not raised in the trial court), cert. denied, 393 U.S. 1120, 89 S.Ct. 999, 22 L.Ed.2d 125 (1969).

Waiver
¶ 13 Likewise, Washington appellate courts generally do not consider issues raised for the first time on appeal. RAP 2.5(a); McFarland, 127 Wash.2d at 332-33, 899 P.2d 1251. But as an exception to these rules, a party may raise an issue for the first time on appeal if it is a "manifest error affecting a constitutional right." RAP 2.5(a)(3); McFarland, 127 Wash.2d at 333, 899 P.2d 1251. Under the exception, the appellant must do more than identify a constitutional error; he must show that the asserted error is "manifest," meaning the alleged error is apparent on the record and actually affected his rights. RAP 2.5(a); McFarland, 127 Wash.2d at 333, 899 P.2d 1251 (citing State v. Scott, 110 Wash.2d 682, 688, 757 P.2d 492 (1988)). "If the facts necessary to adjudicate the claimed error are not in the record on appeal, no actual prejudice is shown and the error is not manifest." McFarland, 127 Wash.2d at 333, 899 P.2d 1251.
¶ 14 Here, Millan asserts a constitutional issue, but his failure to file a motion to suppress the evidence, CrR 3.6, or object to its admissibility at trial on the grounds that police obtained the firearm during an illegal search, constitutes a waiver of any error associated with the admission of the evidence at trial. This rulethat a defendant waives the right to challenge the trial court's admission of evidence gained by an illegal search or seizure by failing to move to suppress the evidence at trialhas roots in early Washington State Supreme Court cases. Even before RAP 2.5 was published in 1976,[4] case law barred defendants from raising a search and seizure claim for the first time on appeal. See State v. Silvers, 70 Wash.2d 430, 432, 423 P.2d 539 ("Error predicated upon evidence allegedly obtained by an illegal search and seizure cannot be raised for the first time on appeal."), cert. denied, 389 U.S. 871, 88 S.Ct. 156, 19 L.Ed.2d 152 (1967); State v. Baxter, 68 Wash.2d 416, 423, 413 P.2d 638 (1966) ("The exclusion of improperly obtained evidence is a privilege and can be waived.").
¶ 15 The rule barring defendants from raising a search and seizure claim for the first time on appeal has not changed. In State v. Mierz, 127 Wash.2d 460, 468, 901 P.2d 286 (1995), our Supreme Court stated that defendant's "failure to move to suppress evidence he contends was illegally gathered constitutes a waiver of any error associated with the admission of the evidence and the trial court properly considered the evidence." See also State v. Tarica, 59 Wash.App. 368, 372-73, 798 P.2d 296 (1990), overruled on other grounds by McFarland, 127 Wash.2d 322, 899 P.2d 1251; State v. Valladares, 31 Wash.App. 63, 76, 639 P.2d 813 (1982) (citing Baxter, 68 Wash.2d 416, 413 P.2d 638, with *608 approval), rev'd in part on other grounds, 99 Wash.2d 663, 672, 664 P.2d 508 (1983).
¶ 16 Millan cites State v. Rodriguez, 65 Wash.App. 409, 828 P.2d 636, review denied, 119 Wash.2d 1019, 838 P.2d 692 (1992), for the proposition that he may challenge the legality of the search for the first time on appeal. But Rodriguez did not wait until his appeal to challenge the legality of his search. He moved to suppress the evidence found in an unwarranted search of his garbage before trial but withdrew the motion in reliance on our opinion in State v. Boland, 55 Wash.App. 657, 781 P.2d 490 (1989), rev'd, 115 Wash.2d 571, 800 P.2d 1112 (1990). Rodriguez, 65 Wash.App. at 417, 828 P.2d 636. When our Supreme Court reversed the Court of Appeals decision, Division Three allowed Rodriguez to revive his challenge. Rodriguez, 65 Wash.App. at 417, 828 P.2d 636. Unlike Rodriguez, Millan never filed a motion in the trial court seeking to suppress the firearm and Rodriguez does not alter our decision. Moreover, we agree with the State that under long-standing law requiring issue preservation, Millan waived his right to appeal the admission of evidence seized during a search of his vehicle by failing to file a motion to suppress challenging the legality of the search in the trial court.

Insufficient Record for Review
¶ 17 A related basis for not reviewing a suppression issue raised for the first time on appeal is that the record is inadequate to do so. In State v. Riley, 121 Wash.2d 22, 31, 846 P.2d 1365 (1993), our Supreme Court declined to review the defendant's claim that his incriminating statements were the fruits of an invalid search warrant. Because there was no hearing in the trial court, the record did not show whether the defendant made the incriminating statements complained of before or after the officer asserted that he had a search warrant. Riley, 121 Wash.2d at 31, 846 P.2d 1365. The court held that because the record was deficient, there was no manifest error. Riley, 121 Wash.2d at 31, 846 P.2d 1365.
¶ 18 Similarly, in State v. Kirkpatrick, 160 Wash.2d 873, 880-81, 161 P.3d 990 (2007), the court held that the defendant did not properly preserve his claim that statements admitted into evidence were the fruit of an unlawful seizure when he failed to raise the issue at a hearing regarding improper Miranda[5] warnings. Because the claim called for "a fact-specific analysis which [the reviewing court] is ill equipped to perform," the error was not manifest and, therefore, not reviewable under RAP 2.5(a)(3). Kirkpatrick, 160 Wash.2d at 881, 161 P.3d 990; see also State v. Busig, 119 Wash.App. 381, 390-91, 81 P.3d 143 (2003), review denied, 151 Wash.2d 1037, 95 P.3d 351 (2004). As one court succinctly put it, "There is no question that the search and seizure issue presented is constitutional, and there is a reasonable possibility that a motion to suppress, had it been made, would have been successful. However, there was no error in the trial court proceedings below." Tarica, 59 Wash.App. at 372, 798 P.2d 296 (alteration in original).
¶ 19 There is no per se constitutional prohibition against admitting unchallenged evidence that may have been obtained in violation of a defendant's Fourth Amendment property and privacy rights. The exclusionary rule is designed to afford a criminal defendant a mechanism to enforce, and to discourage law enforcement from violating, these rights. Valladares, 31 Wash.App. at 76, 639 P.2d 813; see also United States v. Calandra, 414 U.S. 338, 347, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974) (Exclusionary rule's purpose is not to redress the injury to the privacy of the search victim, rather "the rule's prime purpose is to deter future unlawful police conduct and thereby effectuate the guarantee of the Fourth Amendment against unreasonable searches and seizures."). Thus, a criminal defendant cannot generally challenge the legality of a search for the first time on appeal because, although constitutionally based, any error does not undermine the truth-seeking function of the proceeding appealed. Accordingly, in order to take advantage of the exclusionary rule, a criminal defendant must affirmatively seek its protection before the evidence is admitted at trial. Valladares, 31 Wash.App. at 76, 639 P.2d *609 813. Because Millan did not challenge the legality of the officer's search of his vehicle incident to his arrest by filing a motion to suppress the firearm on this basis in the trial court, the trial court did not err in admitting the unchallenged evidence of the firearm the officers found during that search. There is no trial court ruling preserved for appellate review.[6]

Ineffective Assistance of Counsel
¶ 20 We acknowledge that Millan could present the search issue through a challenge to trial counsel's failure to file the motion to suppress. But defense counsel's failure to move to suppress the seized firearm in the trial court would not constitute ineffective assistance because pre-Gant case law indicated that the seizure was valid under the search incident to a lawful arrest warrant exception. See Gant, 129 S.Ct. at 1718-20. Thus, under these circumstances, it was not deficient performance for defense counsel not to anticipate changes in the law. McFarland, 127 Wash.2d at 334-35, 899 P.2d 1251; see also United States v. Fields, 565 F.3d 290, 296 (5th Cir.2009) (recognizing that a majority of circuits in the United States Court of Appeals find that it is not ineffective assistance for counsel to fail to anticipate changes in law).
¶ 21 Because he did not file a motion to suppress evidence of the firearm in the trial court, Millan has failed to preserve a challenge of the lawfulness of the search of his vehicle for our review. Accordingly, we affirm Millan's unlawful possession of a firearm conviction against the belated challenge to the admissibility of the evidence that supports it.
¶ 22 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.
¶ 34 I affirm.
BRIDGEWATER, J. (concurring in result).
¶ 35 I agree with the majority that Millan waived his right to challenge the trial court's admission of evidence gained by an illegal search or seizure by failing to move to suppress the evidence at trial. See State v. Silvers, 70 Wash.2d 430, 432, 423 P.2d 539, cert. denied, 389 U.S. 871, 88 S.Ct. 156, 19 L.Ed.2d 152 (1967); State v. Baxter, 68 Wash.2d 416, 423, 413 P.2d 638 (1966). I write separately, however, to emphasize that Millan waived this right because he failed to move to suppress the evidence below on grounds that the search was illegal and the record is insufficient for us to determine whether the search was illegal. See RAP 2.5(a); McFarland, 127 Wash.2d at 333, 899 P.2d 1251.
HUNT, J.
¶ 36 Although I concur in the majority's result and in most of the majority's analysis, I write separately to articulate my disagreement with the majority's inclusion of what, in my view, is dicta, namely the statement at page 4 of the majority opinion that Arizona v. Gant, ___ U.S. ___, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009), applies retroactively to all cases not yet final on April 21, 2009, when the United States Supreme Court filed its opinion. We ultimately decide that Gant does not apply in Millan's case; therefore we do not need to address whether Gant applies retroactively in the abstract, despite what the parties might agree in this case.
¶ 37 My concern is that inclusion of this unnecessary Gant dicta can lead only to confusion in future cases. For example, other *610 parties and other courts may misconstrue the Millan majority's Gant retroactivity statement to mean that Gant is controlling whenever there is retroactive application, without regard to other pertinent factors that control here, such as waiver of an alleged search and seizure error and failure to establish a record below. Therefore, I do not concur in the majority's inclusion of this Gant retroactivity language.
NOTES
[1] In his opening brief and statement of additional grounds (SAG), RAP 10.10, Millan raises additional issues that we address in the unpublished portion of this opinion.
[2] Two other persons were arrested at the scene. They were also handcuffed and locked in separate patrol vehicles at the time of the search. Gant, 129 S.Ct. at 1715.
[3] Although Gant limited the scope of the search incident to a lawful arrest warrant exception, it explicitly did not disturb other established exceptions to the warrant requirement and recognized that warrantless searches may be justified by other safety or evidentiary interests. 129 S.Ct. at 1721.
[4] 2 Washington Annotated Court Rules RAP 2.5 at 635 (2009 ed.).
[5] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[6] We note that because Millan did not file a motion to suppress in the trial court, the State did not present evidence of all the circumstances surrounding the search, which might have established some other legal grounds for the gun's seizure. For example, we do not know whether the citizen who made the 911 call reporting domestic violence saw Millan with a gun. We do not know whether the gun, which was found on the floorboard behind the driver's seat, was visible from outside the vehicle. And, because the search was not challenged, we do not know whether Millan's wife agreed to a search of the vehicle. In the absence of a motion to suppress or an objection to the admissibility of the evidence, the record is necessarily insufficient and the trial court has made no ruling to be reviewed.