536

[No. 37651-2-II.    Division Two.    September 23, 2009.]

The State of Washington, *Respondent*, v. Michelle D. McCormick, *Appellant*.

*Peter B. Tiller* (of *The Tiller Law Firm*), for appellant.

*H. Steward Menefee, Prosecuting Attorney for Grays Harbor County*; and *David J. Burke, Prosecuting Attorney for Pacific County*, and *Michael N. Rothman, Deputy*, for respondent.

¶1 HOUGHTON, J. — Michelle McCormick appeals her conviction for unlawful methamphetamine possession. She argues that the police officer who searched the car in which she was riding violated her right against unreasonable searches and seizures under the Fourth Amendment and violated her right to privacy under the Washington Constitution. We agree and reverse.

## FACTS

¶2 On August 17, 2007, Elma Police Officer Joshua Wheeler stopped Alicia Muir for driving a Ford Ranger pickup truck with defective taillights and a tow hitch that obstructed her license plate. Muir drove the vehicle and McCormick sat in the passenger seat.

¶3 When Wheeler questioned Muir, she said that she did not have a valid driver's license, and a background check revealed an outstanding arrest warrant for unpaid traffic fines. Wheeler arrested Muir, handcuffed her, searched her, and placed her in his police car.[1] He then ordered McCormick out of the vehicle. When McCormick got out, she took her purse and stood near the front of the truck.

¶4 Wheeler then searched the vehicle and found a tan and pink bag on the passenger side floorboard near where McCormick's feet had been and within the driver's reach.

---

[1] Arguing before us, the State agreed that the police searched the vehicle incident to Muir's arrest, that she posed no threat to officer safety, and that no evidence preservation concerns existed.

Inside the bag, he found glass pipes, marijuana, methamphetamine, and other drug paraphernalia.

¶5 When Wheeler asked who owned the tan and pink bag, McCormick said she did. When he asked her about the items inside, she said that the bag contained marijuana, methamphetamine, and other paraphernalia. He then arrested her.

¶6 The State charged McCormick with unlawful methamphetamine possession. She moved to suppress the evidence as fruit of an unlawful search, and the trial court denied the motion. She waived her right to a jury trial and, after a bench trial, the court found her guilty. She appeals.

## ANALYSIS

### RETROACTIVITY

¶7 McCormick contends that *Gant* applies to her case. *Arizona v. Gant*, ___ U.S. ___, 129 S. Ct. 1710, 173 L. Ed. 2d 485 (2009). She argued at trial and continues to argue on appeal that the search violated the Fourth Amendment to the United States Constitution and article I, section 7 of the Washington Constitution.

¶8 The Supreme Court issued *Gant* on April 21, 2009, after McCormick's bench trial and while her appeal was pending before us. Thus, we must first determine whether *Gant* applies here.

¶9 The Supreme Court has firmly established that "a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past." *Griffith v. Kentucky*, 479 U.S. 314, 328, 107 S. Ct. 708, 93 L. Ed. 2d 649 (1987). Likewise, in *Johnson*, the Court decried the "actual inequity that results" when similarly situated defendants receive different treatment after a change in the law. *United States v. Johnson*, 457 U.S. 537, 556 n.16, 102 S. Ct. 2579, 73 L. Ed. 2d 202 (1982) (emphasis

omitted); *see State v. Counts*, 99 Wn.2d 54, 57, 659 P.2d 1087 (1983) (applying *Johnson* and adopting retroactivity in "all cases still pending on direct appeal at the time of the new decision").

¶10 In *Millan*, we held that because Millan did not move to suppress at trial, he waived his *Gant* issue on appeal under RAP 2.5(a). *State v. Millan*, 151 Wn. App. 492, 499, 212 P.3d 603 (2009). But the reasoning in *Millan* is contrary to established law. *Griffith*, 479 U.S. at 328; *Johnson*, 457 U.S. at 556 n.16; *Counts*, 99 Wn.2d at 57-58. McCormick does not prevail on appeal because she moved to suppress at trial, but because justice demands that similarly situated defendants whose appeals are pending direct review deserve like treatment following a change in the law. *Johnson*, 457 U.S. at 556 n.16. We agree with the basic fairness represented by the Supreme Court's holding in *Griffith* and *Johnson* and follow our Supreme Court's recognition of these holdings in *Counts*. *Griffith*, 479 U.S. at 328; *Johnson*, 457 U.S. at 556 n.16; *Counts*, 99 Wn.2d at 57-58. We therefore reject *Millan*'s reasoning and hold that under both RAP 2.5(a) and controlling precedent, McCormick has preserved the matter for appeal because the Supreme Court's opinion in *Gant* applies retroactively to all similarly situated defendants in Washington.

FOURTH AMENDMENT AND *ARIZONA V. GANT*

¶11 Relying on *Gant*, McCormick contends that the search of her bag violated the prohibition on warrantless searches under both the state and federal constitutions. 129 S. Ct. at 1716; U.S. CONST. amend. IV; WASH. CONST. art. I, § 7.

¶12 The Supreme Court has consistently held that a warrantless search or seizure is per se unreasonable and subject only to a few specific exceptions. *Gant*, 129 S. Ct. at 1716 (quoting *Katz v. United States*, 389 U.S. 347, 357, 88 S. Ct. 507, 19 L. Ed. 2d 576 (1967)). One exception is the search incident to a lawful arrest. *Gant*, 129 S. Ct. at 1716

(citing *Weeks v. United States*, 232 U.S. 383, 392, 34 S. Ct. 341, 58 L. Ed. 652 (1914)). This exception arose out of concern for officer safety and evidence preservation. *Gant*, 129 S. Ct. at 1716 (citing *United States v. Robinson*, 414 U.S. 218, 230-34, 94 S. Ct. 467, 38 L. Ed. 2d 427 (1973)).

¶13 In *Gant*, the Supreme Court held that a search very similar to one conducted by police in McCormick's case violated the Fourth Amendment. 129 S. Ct. at 1723-24. In the *Gant* case, the Court held that Gant's vehicle, which police stopped for a traffic violation, was not lawfully subject to a search because Gant could not have accessed his car to retrieve weapons or evidence at the time of the search and police had no possibility of discovering offense-related evidence without conducting a search. *Gant*, 129 S. Ct. at 1723-24.

¶14 The Court explained that "[a] rule that gives police the power to conduct a search whenever an individual is caught committing a traffic offense, when there is no basis for believing evidence of the offense might be found in the vehicle, creates a serious and recurring threat to the privacy of countless individuals." *Gant*, 129 S. Ct. at 1720. The Court concluded that "[n]either the possibility of access nor the likelihood of discovering offense-related evidence authorized the search." *Gant*, 129 S. Ct. at 1719.

¶15 The Court further noted that no officer safety justification existed for searching the vehicle, nor was there an evidentiary basis for the search because "Gant was arrested for driving with a suspended license—an offense for which police could not expect to find evidence in the passenger compartment of Gant's car." *Gant*, 129 S. Ct. at 1719. In so doing, the Court agreed with its central holding in *Chimel v. California*, 395 U.S. 752, 89 S. Ct. 2034, 23 L. Ed. 2d 685 (1969), in which it declared that "police may search incident to arrest only the space within an arrestee's ' "immediate control," ' meaning 'the area from within which he might gain possession of a weapon or destructible evidence.' " *Gant*, 129 S. Ct. at 1714 (quoting *Chimel*, 395 U.S. at 763).

¶16 McCormick argues, and the State agrees, that she has standing to challenge the validity of the search. Further, like Gant, the police stopped Muir for a traffic violation and arrested her for driving with a suspended license.

¶17 Absent proof of a risk to officer safety or destruction of evidence, a search under these circumstances is unconstitutional. *Gant*, 129 S. Ct. at 1723-24. At trial, Wheeler testified that he did not search the bag for officer safety reasons and the State presented no evidence of a destruction risk. Thus, the search violated McCormick's Fourth Amendment rights as the Supreme Court articulated in *Gant*. 129 S. Ct. at 1723-24.

## GOOD FAITH EXCEPTION

¶18 The State argues that because Wheeler conducted the search in good faith reliance on pre-*Gant* law, we should apply the federal good faith exception to the exclusionary rule and affirm McCormick's conviction. Under the good faith exception, an officer's good faith reliance on the law in effect at the time of the search insulates evidence from that search from later exclusion at trial. *Michigan v. DeFillippo*, 443 U.S. 31, 38, 99 S. Ct. 2627, 61 L. Ed. 2d 343 (1979).

¶19 The State acknowledges that under *State v. White*, 97 Wn.2d 92, 109-10, 640 P.2d 1061 (1982), Washington does not recognize the federal good faith exception. In *Buford*, a district court analyzed *Gant* and the federal good faith exception at length and held that the exception did not apply. *United States v. Buford*, 623 F. Supp. 2d 923, 927 (M.D. Tenn. 2009) (concluding that because Buford would not have mentioned the gun unless the officers had conducted an unconstitutional search, evidence of the gun should be suppressed as fruit of the poisonous tree). *But see* Order Den. Mot. for Recons., *United States v. Grote*, No. CR-08-6057-LRS, 2009 WL 2068023, at *3 (E.D. Wash. July 15, 2009) (denying a motion for reconsideration that application of the good faith exception was merely an

alternative ruling that did not constitute clear error on its part).

¶20 And recently, in *Gonzalez*, the Ninth Circuit rejected the good faith exception to the exclusionary rule in favor of the doctrine of retroactivity when faced with an argument nearly identical to the State's position in this appeal. *United States v. Gonzalez*, 578 F.3d 1130 (9th Cir. 2009). The court reasoned that to apply the good faith exception would " 'violate[ ] the principle of treating similarly situated defendants the same' by allowing only one defendant to be the beneficiary of a newly announced rule." *Gonzalez*, 578 F.3d at 1132 (alteration in original) (quoting *Griffith*, 479 U.S. at 322-23). The court ultimately concluded, "Because both *Johnson* and *Griffith* remain binding precedent, we cannot apply the good faith exception here without creating an untenable tension within existing Supreme Court law." *Gonzalez*, 578 F.3d at 1133.

¶21 Ultimately, the State fails to provide us with a sound basis for avoiding the *White* precedent, which our Supreme Court recently reaffirmed as a rejection of *DeFillippo* and its progeny. *See State v. Chenoweth*, 160 Wn.2d 454, 472 n.14, 158 P.3d 595 (2007) ("no good faith exception for arrests made under unconstitutional statute (rejecting . . . *DeFillippo* . . . )" (citing *White*, 97 Wn.2d 92)). We follow *White*, and decline to apply the federal good faith exception. 97 Wn.2d at 109-10.

APPLICABILITY OF WASHINGTON CONSTITUTION ARTICLE I, SECTION 7

¶22 McCormick next contends that Wheeler violated her privacy rights under the Washington Constitution, which provides that "[n]o person shall be disturbed in his private affairs, or his home invaded, without authority of law." WASH. CONST. art. I, § 7.

¶23 A search without a warrant lacks authority of law unless it falls within an exception to the warrant requirement. *State v. Parker*, 139 Wn.2d 486, 496, 987 P.2d 73 (1999). The State bears the heavy burden of proving that

a warrantless search falls within an exception. *Parker*, 139 Wn.2d at 496. One exception is a search incident to a lawful arrest. *State v. Johnson*, 128 Wn.2d 431, 447, 909 P.2d 293 (1996).

¶24  Article I, section 7 of Washington's constitution provides greater protection than the Fourth Amendment. *State v. Rankin*, 151 Wn.2d 689, 694, 92 P.3d 202 (2004). Under *Gant*, Wheeler's search incident to arrest violated the Fourth Amendment because he did not perform it for officer safety or evidence preservation purposes. 129 S. Ct. at 1723-24. Because Washington does not recognize the good faith exception, there is no basis to affirm this unconstitutional search. *White*, 97 Wn.2d at 109-10. Thus, McCormick also prevails under Washington's constitution.

¶25  Reversed.[2]

PENOYAR, A.C.J., and ARMSTRONG, J., concur.

---

[2] Remand is inappropriate in this case because, at argument, the State conceded that were we to remand it could offer no alternative basis to defend the validity of the search.