228 P.3d 39 (2010)
STATE of Washington, Respondent,
v.
Eric Christopher BURNETT, Appellant.
No. 38196-6-II.
Court of Appeals of Washington, Division 2.
February 23, 2010.
Thomas Edward Doyle, Hansville, WA, for Appellant.
Carol L. La Verne, Thurston County Prosecutor's Office, Olympia, WA, for Respondent.
PENOYAR, J.
¶ 1 Eric C. Burnett appeals his convictions of driving with license suspended and unlawful possession of methamphetamine. He claims an unconstitutional seizure of the methamphetamine from his vehicle under the state constitution and, in supplemental briefing, under the federal constitution, relying on Arizona v. Gant.[1] The State concedes error and agrees that we should dismiss the methamphetamine conviction. We accept the State's concession and remand with instructions to dismiss the methamphetamine conviction.
¶ 2 While Burnett did not challenge the lawfulness of the search below, this omission does not waive his right to raise the issue on appeal. State v. McCormick, 152 Wash.App. 536, 216 P.3d 475 (2009) (reversal following Arizona v. Gant because record does not support alternative justifications for warrantless search); but see State v. Millan, 151 Wash.App. 492, 212 P.3d 603 (2009) (court declines to reverse under Gant because defendant did not seek suppression hearing below), review granted, No. 83613-2, 168 Wash.2d 1005, 226 P.3d 781 (Wash. Feb. 10, 2010).
¶ 3 Deputy McIvie searched Burnett's car after he arrested Burnett, removed him from the vehicle, handcuffed him, and placed him in a patrol car. Burnett was not within reaching distance during the search and the record shows no officer safety concerns or concerns that evidence of driving with license suspended or revoked stood to be concealed or destroyed. McIvie's testimony unmistakably shows that he searched the vehicle for drugs or contraband simply because he had arrested Burnett. Current case law clearly establishes that this search was unlawful under the Fourth Amendment to the United States Constitution and article I, section 7 of the Washington State Constitution. Arizona v. Gant, ___ U.S. ___, 129 S.Ct. 1710, 1718-19, 173 L.Ed.2d 485 (2009); State v. Patton, 167 Wash.2d 379, 219 P.3d 651 (2009); State v. Valdez, 167 Wash.2d 761, 224 P.3d 751 (2009). Therefore, we accept the State's concession and remand with instructions to dismiss the methamphetamine conviction.
We concur; VAN DEREN, C.J., and HOUGHTON, J.
NOTES
[1] ___ U.S. ___, 129 S.Ct. 1710, 1718-19, 173 L.Ed.2d 485 (2009).