238 P.3d 83 (2010)
STATE of Washington, Respondent,
v.
Jason Ronald SLIGHTE, Appellant.
No. 38624-1-II.
Court of Appeals of Washington, Division 2.
August 24, 2010.
*84 John A. Hays, Attorney at Law, Longview, WA, for Appellant.
Lori Ellen Smith, Lewis Co. Prosecuting Atty. Office, Chehalis, WA, for Respondent.
HUNT, J.
Jason Ronald Slighte appeals his jury conviction for possession of methamphetamine with intent to deliver. He argues that: (1) the trial court should have suppressed the methamphetamine evidence based on Arizona v. Gant, 556 U.S. ___, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009), because this evidence was the product of a warrantless vehicle search incident to the passenger's arrest; (2) defense counsel provided ineffective assistance; and (3) the evidence was insufficient to support the conviction. Based on our recent decisions in Millan[1] and Nyegaard,[2] we hold that Slighte failed to preserve the suppression issue for appeal; his other arguments also fail. We affirm.

FACTS
¶ 2 On July 11, 2008, Centralia police officer Michael Lowery stopped Jason Ronald Slighte's truck because the license plate light was not operating. While Officer Michael Lowery was speaking with Slighte, Slighte's passenger was behaving in a suspicious manner.[3]
¶ 3 Officer Douglas Lowery[4] arrived and spoke with Slighte's passenger. When the passenger began reaching between his legs, Officer Douglas Lowery told him to put his hands in the air, giving the officer a clear view of the passenger's face. Recognizing the passenger as Chris King, the subject of an outstanding arrest warrant, Officer Douglas Lowery detained King while verifying the existence of his arrest warrant.
¶ 4 Officer Michael Lowery then told Slighte to step out of the truck and to stand near the patrol car while he searched the truck's interior incident to passenger King's arrest. During the search, Officer Michael Lowery discovered drug paraphernalia and *85 evidence of possible methamphetamine possession. Based on the discovery of these items, Officer Michael Lowery arrested Slighte, searched his person, and found additional drug paraphernalia and methamphetamine evidence.
¶ 5 The State charged Slighte with unlawful possession of methamphetamine with intent to deliver.[5] At the October 16, 2008 trial, Slighte did not move to suppress the evidence.[6] A jury convicted him as charged. Slighte appeals.[7]

ANALYSIS

I. Failure To Preserve Search Incident To Arrest
¶ 6 Citing Gant, Slighte argues for the first time on appeal that the search of his truck incident to his passenger's arrest on an outstanding warrant violated the Fourth Amendment to the federal constitution and article I, section 7 of the Washington State Constitution. Acknowledging our court's internally conflicting authority,[8] the State argues that because Slighte did not move below to suppress the evidence, he has failed to preserve this issue for appeal. Based on our previous decision in Millan, we agree.
¶ 7 At trial, Slighte did not challenge the scope, the propriety, or the legality of the vehicle search incident to his passenger's arrest on an outstanding warrant. We hold, therefore, that Slighte failed to preserve the vehicle search issue for the reasons we stated Millan, 151 Wash.App. at 500, 212 P.3d 603. Accord, Nyegaard, 154 Wash.App. at 646, 226 P.3d 783. See also ER 103(a)(1) (error may not be predicated on ruling admitting evidence absent a timely motion stating the specific ground for the objection); State v. Mierz, 127 Wash.2d 460, 468, 901 P.2d 286 (1995) (defendant waives right to challenge admission of evidence gained in an illegal search or seizure by failing to move to suppress the evidence at trial); State v. Burnett, 154 Wash.App. 650, 652, 228 P.3d 39 (2010).[9] And because Slighte failed to preserve this suppression issue for appeal, we do not further *86 consider it. Millan, 151 Wash.App. at 500, 212 P.3d 603.

II. Effective Assistance of Counsel
¶ 8 Slighte next argues that his trial counsel's performance was deficient in failing to move to suppress the evidence obtained during the vehicle search incident to the arrest of Slighte's passenger. Specifically, Slighte points to his trial counsel's inattention to the United States Supreme Court's February 25, 2008 grant of certiorari in a criminal case focusing on the scope of a vehicle search incident to arrest.[10] Slighte asserts that (1) the United States Supreme Court's one-paragraph issue statement granting certiorari was easily accessible and provided trial counsel with notice of a potential future change to crucial criminal procedure case law; and (2) his trial counsel's failure to move to suppress prejudiced his case to the extent that he can no longer raise a determinative suppression motion on appeal. We disagree.
¶ 9 It is well settled that to demonstrate ineffective assistance of counsel, a defendant must show that (1) defense counsel's performance fell below an objective standard of reasonableness based on all the circumstances; and (2) there was a reasonable probability that the result of the proceeding would have differed absent counsel's unprofessional errors. State v. McFarland, 127 Wash.2d 322, 334-35, 899 P.2d 1251 (1995). We previously rejected a similar ineffective assistance of counsel argument based on failure to file a suppression motion in Millan, 151 Wash.App. at 502-03, 212 P.3d 603 (citing McFarland, 127 Wash.2d at 334-35, 899 P.2d 1251). We reasoned that when a search incident to a lawful arrest was valid under the relevant case law at the time, defense counsel's failure to move to suppress evidence obtained from such a search is not ineffective assistance. We also noted that sufficient performance by counsel does not require anticipating changes in the law. Id.; see also United States v. Fields, 565 F.3d 290, 296 (5th Cir.2009), cert. denied, ___ U.S. ___, 130 S.Ct. 298, 175 L.Ed.2d 199 (2009) (recognizing that a majority of circuits of the United States Courts of Appeals find that it is not ineffective assistance for counsel to fail to anticipate changes in law).
¶ 10 Slighte's argument on appeal, based on the date the United States Supreme Court granted certiorari in Gant, was not available to Millan: Millan's felony judgment and sentencing hearing was completed two months before the United States Supreme Court granted certiorari in Gant. In contrast, Slighte's trial commenced[11] six months after the United States Supreme Court granted certiorari in Gant. But Slighte cites no law demonstrating that the United States Supreme Court's grant of certiorari in a particular case augments the responsibility of trial counsel in other cases to anticipate change in relevant case law and to adjust legal trial strategy accordingly.
¶ 11 On the contrary, federal case law holds that trial counsel is responsible for following a long-standing well-settled rule of law and that certiorari does not expand that responsibility such that it would include anticipating changes in the law. See United States v. McNamara, 74 F.3d 514, 516 (4th Cir.1996) (even though the Supreme Court had granted certiorari on legal advice at issue, failure to anticipate was not "constitutionally deficient" because controlling circuit court case law provided no basis for objecting); Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir.1995) (trial counsel's performance was not constitutionally deficient because he followed a longstanding and well-settled rule of criminal law, even when that rule was under attack in the United States Supreme Court at the time of trial); Randolph v. Delo, 952 F.2d 243, 246 (8th Cir. 1991) (trial counsel was not ineffective for failing to raise Batson[12] challenge two days before Batson was decided because reasonable conduct is viewed in accordance with the law at the time of conduct). Thus, contrary to Slighte's assertion, the law does not require *87 attorneys to predict changes in the law in order to provide effective assistance of counsel. See also Millan, 151 Wash.App. at 500, 212 P.3d 603.
¶ 12 Because Slighte fails to show that his trial counsel performed deficiently, his argument fails on the deficiency prong alone. Thus, we need not address the prejudice prong of the ineffective assistance of counsel test.

III. Sufficiency of Evidence
¶ 13 Slighte next argues that the evidence fails to support his conviction for unlawful delivery of a controlled substance. This argument also fails.

A. Standard of Review
¶ 14 In testing the sufficiency of the evidence, we view the facts and inferences drawn from those facts in the light most favorable to the State and ask whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. O'Neal, 126 Wash.App. 395, 412, 109 P.3d 429 (2005), aff'd, 159 Wash.2d 500, 150 P.3d 1121 (2007) (citing State v. Green, 94 Wash.2d 216, 220-22, 616 P.2d 628 (1980)). A claim of insufficiency admits the truth of the State's evidence. State v. Brown, 162 Wash.2d 422, 428, 173 P.3d 245 (2007) (quoting State v. Salinas, 119 Wash.2d 192, 201, 829 P.2d 1068 (1992)). To affirm a defendant's conviction, we need not be convinced of a defendant's guilt beyond a reasonable doubt; instead, we must be satisfied only that substantial evidence supports the conviction. State v. Fiser, 99 Wash.App. 714, 718, 995 P.2d 107 (2000). Substantial evidence is evidence sufficient to persuade a fair-minded, rational person of the truth of the finding. State v. Halstien, 122 Wash.2d 109, 129, 857 P.2d 270 (1993) (citing World Wide Video, Inc. v. Tukwila, 117 Wash.2d 382, 387, 816 P.2d 18 (1991)). Circumstantial evidence is as reliable as direct evidence to establish a finding. State v. Bright, 129 Wash.2d 257, 270, 916 P.2d 922 (1996) (citing State v. Gosby, 85 Wash.2d 758, 766, 539 P.2d 680 (1975)). When the defendant's intent is inferred from the evidence, the inference must be logical and probable. State v. McPherson, 111 Wash.App. 747, 759, 46 P.3d 284 (2002) (quoting State v. Campos, 100 Wash.App. 218, 224, 998 P.2d 893 (2000)).

B. Unlawful Possession with Intent to Deliver
¶ 15 To convict Slighte of unlawful possession of a controlled substance with intent to deliver, the State has to prove beyond a reasonable doubt that (1) Slighte unlawfully possessed (2) with intent to deliver (3) a controlled substance, namely methamphetamine. RCW 69.50.401(a). Possession of a controlled substance with intent to deliver requires proof of both drug possession and some additional factor supporting an inference of intent to deliver it.[13]State v. Zunker, 112 Wash.App. 130, 135-36, 48 P.3d 344 (2002) (citing Campos, 100 Wash.App. at 222, 998 P.2d 893). Because the State's forensic scientist could not weigh the small amount of methamphetamine residue in one baggie tested, Slighte contends that the quantity of methamphetamine in his possession was too small to prove intent to deliver. Br. of Appellant at 21, (citing State v. Robbins, 68 Wash.App. 873, 876, 846 P.2d 585 (1993)). The facts here, however, differ significantly from those in Robbins. Although police officers found paraphernalia tending to show that Robbins was a cocaine dealer, they found only trace amounts of cocaine. Robbins, 68 Wash.App. at 874-75, 846 P.2d 585. Slighte notes that the baggie taken from his pocket and tested by the State forensic scientist contained only methamphetamine residue, an amount too small to be sold. But Slighte ignores that the baggie tested was not the only baggie containing illegal drugs that the police discovered and seized and that he allegedly possessed.
¶ 16 On the contrary, the record shows that Slighte was in possession of methamphetamine *88 in varying amounts in several locations. Seized from Slighte's person and his truck were multiple baggies, some of which displayed the same marijuana leaf logo as the baggie the State tested, others displayed a "kissed lipstick print," and some baggies had no logo on them. Verbatim Report of Proceedings (VRP) (Oct. 16, 2008) at 26. There were also other baggies containing residue, baggies containing a crystal substance, and a bag of clean, new baggies.
¶ 17 The trial court previously rejected Slighte's argument about the small quantity of tested contraband when it considered Slighte's motion to arrest judgment following the jury's guilty verdict. The trial court reasoned that (1) there were more than a dozen baggies, many of which were marked with the same logo; (2) some baggies contained amounts of a crystalline powder; (3) the State tested the contents of one baggy and determined it to be methamphetamine; and (4) the State did not need to test the contents of every baggy.
¶ 18 The officers also found and seized from Slighte's person items supporting a reasonable inference of deliverybaggies containing a crystalline substance and clean baggies for packaging for sale. In his truck, the officers found a digital scale, a straw, and more baggies, some clean and some containing marijuana or a crystalline substance in varying amounts. We hold, therefore, that, viewed in the light most favorable to the State, as we must, the evidence supports the jury's verdict that Slighte possessed methamphetamine with intent to deliver.
¶ 19 We affirm.
We concur: BRIDGEWATER, P.J., and QUINN-BRINTNALL, J.
NOTES
[1] State v. Millan, 151 Wash.App. 492, 500, 212 P.3d 603 (2009), review granted, 168 Wash.2d 1005, 226 P.3d 781 (2010).
[2] State v. Nyegaard, 154 Wash.App. 641, 646, 226 P.3d 783 (2010).
[3] Officer Michael Lowery described Slighte's passenger as sweating profusely, despite the cool evening temperature, and making "weird movements," which Officer Lowery regarded as "furtive." Verbatim Report of Proceedings (VRP) (Oct. 16, 2008) at 22.
[4] We use both officers' full names to avoid confusion between Officers Michael and Douglas Lowery.
[5] The State based this charge on evidence found on Slighte's person and in his truck.
[6] When the trial court asked Slighte whether he understood his trial rights, he responded that he believed there was an evidence suppression issue. Slighte's counsel then advised the trial court, "[Slighte] doesn't believe there should have been a search of the vehicle. I explained the passenger was arrested for a warrant which gives the officer basis [sic] to search the vehicle." VRP (Oct. 16, 2008) at 11. The trial court noted that defense counsel's analysis was correct and that its original inquiry pertained to Slighte's trial rights. Slighte did not move to suppress, and the issue never arose again below.
[7] Initially, the State conceded on appeal that all of its evidence against Slighte had been illegally obtained and that Gant required reversal; the State's brief did not respond to Slighte's other arguments. Based on Millan, we rejected the State's concession of error and ordered the State to file a supplemental Brief of Respondent addressing all of the issues that Slighte raises in his Brief of Appellant. See also Nyegaard, 154 Wash. App. at 646, 226 P.3d 783. The State filed a supplemental brief, acknowledging that it had erroneously conceded the Gant issue because there is conflicting authority within this division (1) on the requirement to move to suppress at trial, (compare Millan, with State v. McCormick, 152 Wash.App. 536, 543, 216 P.3d 475 (2009)); and (2) on the application of the exclusionary rule when the arresting/searching officers were acting in accord with the law existing at the time, (compare State v. Riley, 154 Wash.App. 433, 225 P.3d 462 (2010) (published in part), with McCormick). Judge Quinn-Brintnall is also of the opinion that McCormick's statements regarding Millan and its `holding' that Gant applies retrospectively are dicta because McCormick timely filed a pretrial motion to suppress under CrR 3.6 and preserved his challenge to the legality of the search. See State v. Harris, 154 Wash. App. 87, n. 7 at 104, 224 P.3d 830 (2010) (Quinn-Brintnall dissenting).
[8] Compare Millan, 151 Wash.App. at 500, 212 P.3d 603, with McCormick, 152 Wash.App. at 543, 216 P.3d 475. See also State v. Afana, 169 Wash.2d 169, 233 P.3d 879, 881 (2010) (holding the search of the car incident to Afana's passenger's arrest invalid, where Afana had sought to suppress seized items at trial) and State v. Snapp, 153 Wash.App. 485, 495, 219 P.3d 971 (2009) ("Snapp challenged the scope of the vehicle search incident to arrest below.... Thus, Snapp preserved this issue for appeal." Nevertheless, we affirmed because the officers searched the vehicle for evidence of the crime for which they had arrested Snapp).
[9] But see McCormick, 152 Wash.App. at 540, 216 P.3d 475 (defendants may raise an admissibility of evidence challenge on appeal without having done so in the trial court, following a change in the law under Arizona v. Gant). See also State v. Harris, 154 Wash.App. 87, 224 P.3d 830 (2010).
[10] Arizona v. Gant, 216 Ariz. 1, 162 P.3d 640 (2007), cert. granted in part, 552 U.S. 1230, 128 S.Ct. 1443, 170 L.Ed.2d 274 (2008).
[11] October 16, 2008.
[12] Batson v. Kentucky, 476 U.S. 79, 95, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).
[13] Examples of additional factors that have been held sufficient to support an inference of intent to deliver include large amounts of cash, scales, cell phones, address lists, and the like, which have been acknowledged as delivery paraphernalia. See Campos, 100 Wash.App. at 223-24, 998 P.2d 893 (citing State v. Brown, 68 Wash.App. 480, 485, 843 P.2d 1098 (1993)).