[No. 38540-6-II.   Division Two.   October 25, 2011.]

THE STATE OF WASHINGTON, *Respondent*, v. JESSE RAY JOHNSON, *Appellant*.

*Rebecca W. Bouchey*, for appellant.

*Mark E. Lindquist, Prosecuting Attorney*, and *Stephen D. Trinen* and *Kathleen Proctor, Deputies*, for respondent.

¶1 HUNT, J. — Jesse Ray Johnson appeals his jury convictions for two counts of unlawful possession of a controlled substance (heroin and cocaine), Counts I and V, and one count of unlawful use of drug paraphernalia, Count II. He argues that the search of his vehicle incident to his arrest was illegal and that the evidence should be suppressed. We reverse and remand to the trial court for further proceedings.

¶2 We incorporate by reference the facts recited in our May 11, 2010, published opinion affirming Jesse Ray Johnson's convictions.[1] *State v. Johnson*, 156 Wn. App. 82, 231 P.3d 255 (2010) (Houghton, J., dissenting in part). We held that, under our decision in *State v. Millan*, 151 Wn. App. 492, 212 P.3d 603 (2009), *rev'd sub nom. State v. Robinson*, 171 Wn.2d 292, 253 P.3d 84 (2011), because Johnson had failed to move to suppress the evidence seized from his car, which police had searched incident to his arrest, he had failed to preserve for appeal whether this seizure was

---

[1] Johnson did not appeal his conviction on Count IV, obstructing a law enforcement officer, arising from the same incident. He was acquitted on Count III, possessing dangerous weapons.

illegal under *Arizona v. Gant,* 556 U.S. 332, 129 S. Ct. 1710, 173 L. Ed. 2d 485 (2009).[2] *Johnson,* 156 Wn. App. at 93. Our state Supreme Court granted Johnson's petition for review and remanded his appeal to us to reconsider in light of *Robinson. State v. Johnson,* 172 Wn.2d 1001, 257 P.3d 1112 (2011). The parties submitted supplemental briefs addressing the effect of *Robinson* on Johnson's appeal.

██ ¶3 In *Robinson,* our Supreme Court held that (1) *Gant* applies retroactively to appellants whose cases were pending on direct appeal when the United States Supreme Court issued *Gant,* and (2) failure to raise a suppression issue below does not bar a defendant from raising a *Gant* issue for the first time on appeal if he meets four specific criteria.[3] *Robinson,* 171 Wn.2d at 303-08. In its supplemental brief, the State concedes that (1) under *Robinson,* Johnson is entitled on appeal to challenge the vehicle search that led to his arrest and conviction; and (2) the vehicle search incident to Johnson's arrest was improper under *Gant* on the current record, which, in the absence of a motion to suppress based on *Gant* below, was made without exploring other possible legal grounds for the search. The parties agree that the proper remedy is to remand this matter back to the superior court for a new suppression hearing.

¶4 Accepting the State's concession of error and Johnson's concession that remand is the proper remedy, we hold that the vehicle search and seizure of evidence incident to Johnson's arrest was illegal under *Gant* and the facts before

---

[2] The United State Supreme Court issued *Gant* after Johnson's trial but before his direct appeal.

[3] More specifically, the court stated:

> We hold that principles of issue preservation, as embodied in RAP 2.5(a), do not apply where (1) a court issues a new controlling constitutional interpretation material to the defendant's case, (2) that interpretation overrules an existing controlling interpretation, (3) the new interpretation applies retroactively to the defendant, and (4) the defendant's trial was completed prior to the new interpretation.

*Robinson,* 171 Wn.2d at 307-08.

us in this appeal, and we reverse and remand to the trial court for further proceedings consistent with *Robinson*.

PENOYAR, C.J., and QUINN-BRINTNALL, J., concur.