[No. 38624-1-II.   Division Two.   November 8, 2011.]

THE STATE OF WASHINGTON, *Respondent*, v. JASON RONALD
SLIGHTE, *Appellant*.

*John A. Hays*, for appellant.

*Jonathan L. Meyer, Prosecuting Attorney for Lewis County*, and *Lori E. Smith, Deputy*, for respondent.

¶1 Hunt, J. — On August 24, 2010, we issued an opinion affirming Jason Ronald Slighte's jury conviction for methamphetamine possession with intent to deliver. We held that under our decision in *State v. Millan*, 151 Wn. App. 492, 212 P.3d 603 (2009), *reversed sub nom. State v. Robinson*, 171 Wn.2d 292, 253 P.3d 84 (2011), because Slighte had failed to move to suppress the methamphetamine seized from his car, which police had searched incident to his arrest, he had failed to preserve for appeal whether this seizure was illegal under *Arizona v. Gant*, 556 U.S. 332, 129 S. Ct. 1710, 173 L. Ed. 2d 485 (2009).[1] *State v. Slighte*, 157 Wn. App. 618, 621, 623, 238 P.3d 83 (2010). Our state Supreme Court granted Slighte's petition for review and remanded back to us to reconsider Slighte's appeal in light of *Robinson. State v. Slighte*, 172 Wn.2d 1003, 257 P.3d 1112 (2011). We ordered the parties to submit supplemental briefs addressing the effect of *Robinson* on Slighte's appeal.

¶2 In *Robinson*, our Supreme Court held that (1) *Gant* applies retroactively to appellants whose cases were pending on direct appeal when the United States Supreme

---

[1] The United State Supreme Court issued *Gant* after Slighte's trial but before his direct appeal.

Court issued *Gant*, and (2) failure to raise a suppression issue below does not bar a defendant from raising a *Gant* issue for the first time on appeal if he meets four specific criteria.[2] *Robinson*, 171 Wn.2d at 303-08. In its supplemental brief, the State concedes that (1) under *Robinson*, Slighte is entitled on appeal to challenge the vehicle search that led to his arrest and conviction, (2) the search incident to arrest was improper under *Gant*, and (3) Slighte is entitled to relief.[3] Accepting part of the State's concession of error, we hold that the vehicle search and seizure of evidence incident to Slighte's arrest was illegal under *Gant* and the facts before us in this appeal and remand to the trial court for further proceedings consistent with *Robinson*.

WORSWICK, A.C.J., and QUINN-BRINTNALL, J., concur.

---

[2] More specifically, the court stated:

> We hold that principles of issue preservation, as embodied in RAP 2.5(a), do not apply where (1) a court issues a new controlling constitutional interpretation material to the defendant's case, (2) that interpretation overrules an existing controlling interpretation, (3) the new interpretation applies retroactively to the defendant, and (4) the defendant's trial was completed prior to the new interpretation.

*Robinson*, 171 Wn.2d at 307-08.

[3] In addition to conceding that Slighte is entitled to raise the *Gant* issue for the first time on appeal and that the vehicle search here was improper under *Gant*, the State also concedes the "fact" that there was no justification for the vehicle search other than the improper search incident to arrest and asks us to vacate Slighte's conviction and to dismiss the charge. Because we reverse on legal grounds and remand for further proceedings, we do not consider the State's factual concession, which is more appropriate for the parties and the trial court to address on remand.