226 P.3d 243 (2010)
STATE of Washington, Respondent,
v.
Calvin Scott CARDWELL, Appellant.
No. 38684-4-II.
Court of Appeals of Washington, Division 2.
March 9, 2010.
*244 Manek R. Mistry, Jodi R. Backlund Backlund & Mistry, Olympia, WA, for Appellant.
Carol L. La Verne, Thurston County Prosecutor's Office, Olympia, WA, for Respondent.
QUINN-BRINTNALL, J.
¶ 1 In December 2008, a Thurston County jury found Calvin Cardwell guilty of unlawful possession of a controlled substance (marijuana) with intent to deliver, count I, alleged to have occurred on December 3, 2005, in violation of RCW 69.50.401(2)(c), and bail jumping, count III, alleged to have occurred on December 14, 2005, in violation of RCW 9A.76.170(1).[1] Cardwell challenges the sufficiency of the evidence supporting the jury verdict finding him guilty of bail jumping and, for the first time on appeal, challenges the lawfulness of the 2005 search of his vehicle incident to his arrest on an outstanding warrant. Because Cardwell has failed to preserve his challenge to the search of his vehicle for our review, we do not address it. But we agree with Cardwell that the evidence is insufficient to support his bail jumping conviction, reverse and remand for dismissal of count III, and entry of a new judgment and sentence for count I.

FACTS
¶ 2 On December 3, 2005, Cardwell was driving his pick-up truck in Olympia, Washington. Olympia Police Officer Kory Pearce stopped Cardwell and learned from dispatch that the vehicle's registered owner had a suspended driver's license and had an outstanding warrant for his arrest. Pearce confirmed that Cardwell was the truck's registered owner and that his driving privileges were suspended. Pearce arrested Cardwell on the warrant and placed him in the back of the patrol car.
¶ 3 Pearce then searched the interior of Cardwell's pick-up truck, including the backpack from which Cardwell had removed the wallet containing his identification. At trial, when asked what drew his interest to the backpack, Pearce testified:
I didn't take an interest to [Cardwell's backpack]. The arrest and the search of the vehicle incident to the arrest allows me to expand my range area of the person that is taken into custody. That backpack was searched. It was unlocked, and I did conduct a search of that.
Report of Proceedings (Dec. 10, 2008) at 33-34.
¶ 4 The backpack contained two large bags of marijuana as well as a camouflaged digital *245 scale. There was $297 in Cardwell's backpack. Officer Pearce read Cardwell his Miranda[2] warnings after which Cardwell admitted that the marijuana was his and that he was currently unemployed. He also stated that he was living in his vehicle. Pearce weighed the marijuana before placing it in evidence and found that it and the plastic bag in which it was found weighed 59.2 grams.[3] Based on this weight, Pearce estimated its street value at $1,300 to $1,400. On cross-examination, the defense established that officers did not find any cell phones, pagers, packaging materials, or papers indicating sales transactions in Cardwell's pick-up. The Thurston County Prosecuting Attorney's office initially charged Cardwell with unlawful possession of marijuana with intent to deliver and unlawful possession of marijuana (over 40 grams) but amended the information to add a count of bail jumping when he failed to appear in court on December 14, 2005.
¶ 5 Although Cardwell did not appear in court on December 14, 2005, his father did. On that date, Cardwell's father appeared and told the court that he had come to court to correct the address because the notice of court hearing had been sent with the wrong zip code. He also stated that he did not know where his son (Cardwell) was, that his son did not live at that address, and that he had infrequent telephone contact with Cardwell. The court issued a bench warrant for Cardwell.
¶ 6 Cardwell was arrested on the bench warrant on September 10, 2008. A jury trial began on December 10, 2008. In its closing statements, the State argued that it did not have to prove that Cardwell knew of his December 14, 2005 hearing because he was released knowing that he had a duty to appear at an undetermined date in the future and this knowledge was sufficient to convict him of bail jumping. Based on jury verdicts finding Cardwell guilty of unlawful possession of marijuana with intent to deliver and bail jumping, the trial court imposed concurrent sentences of 90 days work release followed by 24 months of community custody. Cardwell appeals.

ANALYSIS
¶ 7 Relying on the well-established law at the time, New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), and State v. Stroud, 106 Wash.2d 144, 720 P.2d 436 (1986), overruled by State v. Valdez, 167 Wash.2d 761, 224 P.3d 751 (2009), after he arrested Cardwell on an outstanding arrest warrant and placed him in the back of his patrol car, Officer Pearce searched the interior and unlocked containers next to where Cardwell had been sitting in the front bench seat of his pick-up truck and found the marijuana, scales, and packaging material used for sale and distribution. Three and one-half years later, on April 21, 2009, the United States Supreme Court issued Arizona v. Gant, ___ U.S. ___, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009), prohibiting the search of the interior of a motor vehicle incident to arrest without a warrant unless the person arrested is within reaching distance of the passenger compartment at the time of the search or there is reason to believe that the vehicle contains evidence of the crime for which the person was arrested, thus rejecting the broad interpretation previously given to Belton by a multitude of state and federal courts. 129 S.Ct. at 1723-24; see also State v. Patterson, 112 Wash.2d 731, 774 P.2d 10 (1989) (holding that exigent circumstances justified warrantless search of unoccupied car under article 1, section 7 of the Washington Constitution).
¶ 8 Cardwell evaded prosecution for more than three years and, when he was captured and tried, did not challenge the legality of the search of his vehicle. Because he did not file a motion to suppress or otherwise challenge the admissibility of the evidence recovered during the search of his pick-up, he has failed to preserve this challenge for review. State v. Millan, 151 Wash.App. 492, 212 P.3d 603 (2009), review granted, No. 83613-2 *246 (Wash. Feb. 9, 2010);[4]see In re Pers. Restraint of Nichols, 151 Wash.App. 262, 211 P.3d 462 (2009); see also ER 103(a)(1) (error may not be predicated on ruling admitting evidence absent a timely motion stating the specific ground for the objection); State v. Mierz, 127 Wash.2d 460, 468, 901 P.2d 286 (1995) (a defendant waives the right to challenge the admission of evidence gained in an illegal search or seizure by failing to move to suppress the evidence at trial). Moreover, because Gant represents a radical unanticipated change in the law, Cardwell's counsel was not ineffective for failing to anticipate it and move to suppress evidence seized during a search incident to arrest that was entirely lawful at the time Officer Pearce conducted it. Millan, 151 Wash.App. at 502, 212 P.3d 603.

Bail Jumping
¶ 9 We turn now to Cardwell's challenge to the sufficiency of the evidence supporting his bail jumping conviction. Bail jumping is prohibited by RCW 9A.76.170(1), which reads:
Any person having been released by court order or admitted to bail with knowledge of the requirement of a subsequent personal appearance before any court of this state, or of the requirement to report to a correctional facility for service of sentence, and who fails to appear or who fails to surrender for service of sentence as required is guilty of bail jumping.
¶ 10 At trial, the State maintained that as long as Cardwell knew that he would have to appear at some time in the future, it did not have to prove that he knew about the December 14, 2005 court hearing date. We disagree. Not only does the record establish that at the time of his release Cardwell's obligation to appear was contingent on the State's filing criminal charges before December 7, 2005, a future event that might not occur, there is no evidence that he had been given notice of the required court date. In order to meet the knowledge requirement of the statute, the State is required to prove that a defendant has been given notice of the required court dates. State v. Fredrick, 123 Wash.App. 347, 353, 97 P.3d 47 (2004). Although our review of the trial record (as well as Cardwell's father's testimony at the arraignment hearing on December 14, 2005) sufficiently established that notice of the hearing had been sent and received at the address Cardwell had given the court at the time of his release, it also clearly established that, at that time of his release, Cardwell had not been charged with a crime and that any obligation to appear in the future was contingent. In addition, according to the record of the December 14, 2005 hearing, Cardwell did not receive notice of the arraignment before it occurred. Thus, although there was sufficient probable cause to issue a warrant for Cardwell's arrest on the possession of marijuana and the possession of marijuana with intent to deliver charges, the evidence does not support the bail jumping charge and we remand to the trial court with directions that the court dismiss count III with prejudice. Because the sentences on count I and count III were concurrent and identical, a new judgment and sentence should be entered but resentencing is not required.
WE CONCUR: BRIDGEWATER, P.J., and HUNT, J.
NOTES
[1] The court dismissed count II, possession of more than 40 grams of marijuana in violation of RCW 69.50.4013(1).
[2] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[3] Chester Mackaben, Olympia Police Department Evidence Technician, weighed the marijuana about a month before trial and determined its weight at that time to be 45.1 grams.
[4] See also State v. Harris, 154 Wash.App. 87, 224 P.3d 830 (2010) (Quinn-Brintnall, J. dissenting).