[No. 38659-3-II.   Division Two.   May 25, 2010.]

THE STATE OF WASHINGTON, *Respondent*, v. KARLA GAE PEARSALL, *Appellant*.

*Thomas E. Doyle*, for appellant.

*Edward G. Holm, Prosecuting Attorney*, and *Carol L. La Verne, Deputy*, for respondent.

¶1 HUNT, J. — Karla Gae Pearsall appeals her conviction for unlawful possession of a controlled substance. She argues that (1) the officer's search of her vehicle incident to her arrest was unlawful under *Arizona v. Gant*, ___ U.S. ___, 129 S. Ct. 1710, 173 L. Ed. 2d 485 (2009); (2) the search was unlawful because the State failed to show that she was in close physical proximity to the vehicle; and (3) defense counsel was ineffective in failing to move to suppress the evidence seized during the vehicle search. We affirm.

## FACTS

¶2 On June 13, 2008, Yelm Police Officer Patricia Bell stopped a vehicle travelling on Yelm Avenue because the vehicle's registered owner, Karla Pearsall, had a suspended license and the driver matched the registered owner's physical description. Bell contacted the driver, Pearsall, and asked for her license. Pearsall initially said that she did not have her driver's license and that her name was "Candace R. Johnson." II Verbatim Report of Proceedings (VRP) (Dec. 2, 2008) at 21. Pearsall later supplied Bell with an Idaho driver's license for a "Candice Ray Johnson," but the identification did not appear to match Pearsall's appearance. II VRP (Dec. 2, 2008) at 23. When Sergeant Robert A. Carlson arrived to assist Bell, Pearsall admitted that her name was not Candace Ray Johnson and that she had lied so that Bell would not arrest her for driving with a suspended license.

¶3 After verifying Pearsall's information, Bell arrested Pearsall for driving with a suspended license, handcuffed her, and placed her in the back of a patrol car. Bell then

searched Pearsall's vehicle and found two and one-half Vicodin tablets in a purse that also contained Pearsall's true identification.

¶4 The State charged Pearsall with unlawful possession of a controlled substance[1] and making a false or misleading statement to a law enforcement officer.[2] At no time did Pearsall challenge the vehicle search. A jury found Pearsall guilty of both charges. Pearsall appeals her conviction for unlawful possession of a controlled substance.[3]

## ANALYSIS

### I. VEHICLE SEARCH

¶5 Pearsall contends that the vehicle search incident to her arrest (1) violated the Fourth Amendment,[4] under the United States Supreme Court's holding in *Gant*,[5] issued several months after her trial and (2) was unlawful even if *Gant* does not apply because the State failed to prove that she was in close physical proximity to the vehicle at the time of the search. The State counters that Pearsall has waived these arguments because she did not challenge the search below. We agree with the State.

¶6 Below, Pearsall did not challenge the vehicle search or move to suppress the evidence. We hold, there-

---

[1] RCW 69.50.4013(1).

[2] RCW 9A.76.175.

[3] Pearsall does not appeal her conviction for driving with a suspended license.

[4] U.S. CONST. amend. IV.

[5] In *Gant*, the United States Supreme Court held that police may search a vehicle incident to arrest without a warrant only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense for which the police arrested the defendant. *Gant*, 129 S. Ct. at 1719-20. Here, however, even if Pearsall had preserved this issue for appeal, she would not likely prevail under *Gant*, which does not prohibit searches incident to arrest for evidence of the crime of arrest. Pearsall initially supplied false identification to officers at the scene. Arguably, therefore, *Gant* does not preclude the search of Pearsall's purse for evidence of her true identity, which they found in her purse, along with the illegal drugs.

fore, that because Pearsall failed to preserve these issues, she cannot raise them for the first time on appeal. RAP 2.5(a); *State v. Mierz*, 127 Wn.2d 460, 468, 901 P.2d 286 (1995) (defendant waives right to challenge admission of evidence gained in illegal search or seizure by failing to move to suppress the evidence at trial); *State v. Millan*, 151 Wn. App. 492, 500, 212 P.3d 603 (2009) (failure to challenge search in pre-*Gant* trial waived new suppression issue brought under *Gant*), *review granted*, 168 Wn.2d 1005 (2010); *State v. Nyegaard*, 154 Wn. App. 641, 226 P.3d 783 (2010) (following *Millan*), *petition for review filed*, No. 84467-4 (Wash. Apr. 22, 2010).[6]

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

¶7 Pearsall also contends that her defense counsel was ineffective in failing to move to suppress the Vicodin tablets seized from her vehicle. This argument also fails.

¶8 An appellant claiming ineffective assistance of counsel must show both deficient performance and resulting prejudice. *State v. Thomas*, 109 Wn.2d 222, 225-26, 743 P.2d 816 (1987) (adopting the test from *Strickland v. Washington*, 466 U.S. 668, 689, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). Deficient performance occurs when counsel's performance falls below an objective standard of reasonableness. *State v. Stenson*, 132 Wn.2d 668, 705, 940 P.2d 1239 (1997), *cert. denied*, 523 U.S. 1008 (1998). Prejudice occurs when, but for counsel's deficient performance, there is a reasonable probability that the outcome would have differed. *State v. Reichenbach*, 153 Wn.2d 126, 130, 101 P.3d 80 (2004).

¶9 At the time of the search and throughout Pearsall's trial, the United States Supreme Court had not

---

[6] *But see State v. McCormick*, 152 Wn. App. 536, 540, 216 P.3d 475 (2009) (defendants may challenge the admissibility of evidence for the first time on appeal, without having preserved the issue in the trial court, following a change in the law under *Gant*), *petition for review stayed pending final decision in Millan*, noted at 168 Wn.2d 1005 (2010), and *State v. Robinson*, noted at 168 Wn.2d 1001 (2010); *see also State v. Burnett*, 154 Wn. App. 650, 228 P.3d 39 (2010); *State v. Harris*, 154 Wn. App. 87, 98-99, 224 P.3d 830 (2010).

yet issued *Gant*. There is no basis for us to find ineffective assistance for defense counsel's failure to move to suppress evidence in anticipation of a change in the law. *See Millan*, 151 Wn. App. at 502-03 (citing *United States v. Fields*, 565 F.3d 290, 296 (5th Cir. 2009); *State v. McFarland*, 127 Wn.2d 322, 335-36, 899 P.2d 1251 (1995)). In *State v. Contreras*, 92 Wn. App. 307, 318-19, 966 P.2d 915 (1998), for example, we refused to reverse a conviction on ineffective assistance grounds when Contreras could not demonstrate that the trial court would have granted a motion to suppress even if defense counsel had brought such a motion. Such is the case here.

¶10 Furthermore, because Pearsall failed to challenge the search below, we cannot determine from the record before us whether Pearsall's proximity challenge to the search would have been successful. Because Pearsall has not established that defense counsel's performance was deficient, we need not reach the prejudice prong of the ineffective assistance of counsel test. Accordingly, Pearsall's ineffective assistance of counsel claim fails.

¶11 We affirm.

QUINN-BRINTNALL, J., concurs.

¶12 HOUGHTON, J.[*] (concurring and dissenting) — I concur in part and dissent in part. I agree with the majority's analysis on the traffic stop and seizure, but for the following reasons I dissent from its analysis on the search incident to arrest.

¶13 In *State v. McCormick*, Judges Houghton (writing), Armstrong (concurring), and Penoyar (concurring) held that defendants may raise an admissibility of evidence challenge on appeal without having done so in the trial court, following a change in the law under *Arizona v. Gant*,

---

[*] Judge Houghton is serving as a judge pro tempore of the Court of Appeals, Division II, pursuant to CAR 21(c).

___ U.S. ___, 129 S. Ct. 1710, 1716, 173 L. Ed. 2d 485 (2009). *McCormick*, 152 Wn. App. 536, 540, 216 P.3d 475 (2009). The *McCormick* opinion called into question another panel's decision in *State v. Millan*, 151 Wn. App. 492, 212 P.3d 603 (2009), *review granted*, 168 Wn.2d 1005 (2010), which denied a similar challenge on appeal.[7]

¶14 Following *McCormick*, in *State v. Harris*, another panel (Judges Armstrong (writing), Penoyar (concurring), and Quinn-Brintnall (dissenting)) declined to hold that a defendant waived his right to challenge a search under *Gant* by failing to bring a then meritless motion to suppress before the pre-*Gant* trial.[8] *Harris*, 154 Wn. App. 87, 99, 224 P.3d 830 (2010). More recently, in *State v. Burnett*, 154 Wn. App. 650, 228 P.3d 39 (2010), a third panel (Judges Penoyar (writing) and Houghton and Van Deren (concurring)) followed *McCormick*. To date, three judges, Judges Quinn-Brintnall, Bridgewater, and Hunt, have followed the *Millan* analysis and four judges, Judges Houghton, Armstrong, Van Deren, and Penoyar, have followed the *McCormick* and *Harris* analyses.

¶15 Under RCW 2.06.040, the Court of Appeals hears cases in three-judge panels. Because we do not sit en banc, our opinions on the issue of waiver in post-*Gant* admissibility of evidence challenges lack uniformity. Justice demands that the outcome of similar cases on the same issue should not depend on the composition of randomly selected three-judge panels. This lack of uniformity should be addressed by our Supreme Court as soon as practical.

¶16 Based on the reasoning in *McCormick, Harris*, and *Burnett*, I dissent.

---

[7] The *Millan* panel, Judges Quinn-Brintnall (writing), Bridgewater (concurring), and Hunt (concurring), also denied a similar challenge in *State v. Cardwell*, 155 Wn. App. 41, 226 P.3d 243 (2010).

[8] In *State v. Nyegaard*, 154 Wn. App. 641, 646, 226 P.3d 783 (2010), another panel, Judges Hunt (writing), Bridgewater (concurring), and Houghton (dissenting), held that waiver occurred under similar circumstances.