245 P.3d 776 (2011)
STATE of Washington, Respondent,
v.
Shane E. BROWN, Appellant.
No. 28430-1-III.
Court of Appeals of Washington, Division 3.
January 13, 2011.
Kenneth H. Kato, Attorney at Law, Spokane, WA, for Appellant.
Mark Erik Lindsey, Spokane County Prosecuting Attorneys, Spokane, WA, for Respondent.
SIDDOWAY, J.
¶ 1 Shane Brown pleaded guilty to possession of a controlled substance with intent to deliver and second degree unlawful possession of a firearm in January 2009 and received a standard range sentence. On April 21, 2009, the United States Supreme Court decided Arizona v. Gant,[1] in which it announced a new rule limiting the exception to the warrant requirement for searches incident to arrest. Mr. Brown argues that his lawyer's failure to research and advise him of the pendency of Gant, which he contends applies squarely to his case and would have required suppression of the evidence against him, constituted deficient performance and ineffective assistance of counsel. We disagree and affirm the judgment and sentence.

FACTS AND PROCEDURAL BACKGROUND
¶ 2 On December 24, 2008, an officer found Mr. Brown passed out in his vehicle. The officer found Mr. Brown's identification, ran his name, and arrested him for an outstanding warrant and driving with a suspended license. A search of the vehicle incident to arrest yielded methamphetamine and a handgun. Mr. Brown was charged on January 13, 2009 with possession of a controlled substance (methamphetamine) with intent to deliver and second degree unlawful possession of a firearm. On January 26, 2009, Mr. Brown pleaded guilty to both counts. After a colloquy with Mr. Brown, the trial judge found the plea to be knowingly and voluntarily *777 made. Mr. Brown received a standard range sentence of 20 months' confinement.
¶ 3 On April 21, 2009, the United States Supreme Court decided Gant, in which it held that the exception to the general warrant requirement for searches incident to arrest is available only when the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search, thereby correcting what it perceived to be an overbroad reading by the courts of the search incident to arrest exception as articulated in New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981).
¶ 4 Mr. Brown filed an untimely pro se appeal on September 1, 2009. After reviewing Mr. Brown's and the State's responses to the court's challenge to timeliness, a commissioner of this court denied dismissal and allowed the appeal to proceed in light of In re Personal Restraint of Hews, 108 Wash.2d 579, 594, 741 P.2d 983 (1987) (an appeal is not precluded when the validity of the guilty pleas is challenged as not being intelligently or voluntarily made) and State v. Kells, 134 Wash.2d 309, 313, 949 P.2d 818 (1998) (a criminal appeal may not be dismissed as untimely unless the State shows that the defendant voluntarily, knowingly, and intelligently abandoned his appeal).

ANALYSIS
¶ 5 Mr. Brown argues that his counsel's failure to research and advise him of then-pending Gant before he pleaded guilty constituted ineffective assistance of counsel, resulting in his entry of an unknowing and unintelligent guilty plea. A claim of ineffective assistance of counsel presents a mixed question of fact and law, reviewed de novo. State v. Sutherby, 165 Wash.2d 870, 883, 204 P.3d 916 (2009).
¶ 6 Effective assistance of counsel is guaranteed by both the federal and state constitutions. See U.S. CONST. amend. VI; WASH. CONST. art. I, § 22. The purpose of the guaranty is to ensure a reliable disposition of the case. State v. Garrett, 124 Wash.2d 504, 520, 881 P.2d 185 (1994) (quoting Strickland v. Washington, 466 U.S. 668, 691-92, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). It is well settled that to demonstrate ineffective assistance of counsel, a defendant must show two things: "(1) defense counsel's representation was deficient, i.e., it fell below an objective standard of reasonableness based on consideration of all the circumstances; and (2) defense counsel's deficient representation prejudiced the defendant, i.e., there is a reasonable probability that, except for counsel's unprofessional errors, the result of the proceeding would have been different." State v. McFarland, 127 Wash.2d 322, 334-35, 899 P.2d 1251 (1995) (citing State v. Thomas, 109 Wash.2d 222, 225-26, 743 P.2d 816 (1987)). A failure to make either showing terminates review of the claim. Thomas, 109 Wash.2d at 226, 743 P.2d 816.
¶ 7 This test applies to claims of ineffective assistance in the plea bargaining process. State v. McCollum, 88 Wash.App. 977, 982, 947 P.2d 1235 (1997), review denied, 137 Wash.2d 1035, 980 P.2d 1285 (1999). In order to satisfy the first prong of the test in a plea bargaining context, Mr. Brown must demonstrate that his counsel failed to "actually and substantially" assist him in determining whether to plead guilty. State v. Osborne, 102 Wash.2d 87, 99, 684 P.2d 683 (1984) (quoting State v. Cameron, 30 Wash. App. 229, 232, 633 P.2d 901, review denied, 96 Wash.2d 1023, 1981 WL 191072 (1981)).
¶ 8 Appellate review of counsel's performance starts from a strong presumption of reasonableness. State v. Bowerman, 115 Wash.2d 794, 808, 802 P.2d 116 (1990); see also State v. Nichols, 161 Wash.2d 1, 8, 162 P.3d 1122 (2007) ("`In assessing performance, the court must make every effort to eliminate the distorting effects of hindsight.'") (quoting In re Pers. Restraint of Rice, 118 Wash.2d 876, 888, 828 P.2d 1086, cert. denied, 506 U.S. 958, 113 S.Ct. 421, 121 L.Ed.2d 344 (1992)). Trial counsel owe several responsibilities to their clients, including the duty to research relevant law. State v. Kyllo, 166 Wash.2d 856, 862, 215 P.3d 177 (2009) (citing Strickland, 466 U.S. at 690-91, 104 S.Ct. 2052). "[D]efense counsel has a duty to investigate all reasonable lines of defense," In re Pers. Restraint of Davis, 152 Wash.2d 647, 744, 101 P.3d 1 (2004) (citing Kimmelman v. Morrison, 477 U.S. 365, 384, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986)), but has no duty to pursue strategies that reasonably *778 appear unlikely to succeed, McFarland, 127 Wash.2d at 334 n. 2, 899 P.2d 1251. Many state and federal cases have also concluded that an attorney's failure to raise novel legal theories or arguments is not ineffective assistance. See, e.g., Anderson v. United States, 393 F.3d 749, 754 (8th Cir.) ("Counsel's failure to raise [a] novel argument does not render his performance constitutionally ineffective."), cert. denied, 546 U.S. 882, 126 S.Ct. 221, 163 L.Ed.2d 185 (2005); Haight v. Commonwealth, 41 S.W.3d 436, 448 (Ky.) ("while the failure to advance an established legal theory may result in ineffective assistance of counsel under Strickland, the failure to advance a novel theory never will"), cert. denied, 534 U.S. 998, 122 S.Ct. 471, 151 L.Ed.2d 386 (2001), overruled on other grounds by Leonard v. Commonwealth, 279 S.W.3d 151 (Ky.2009).
¶ 9 A handful of recent Washington Court of Appeals decisions from Division Two have considered the question under review here and each concluded that counsel's failure to anticipate changes in the law does not amount to deficient representation. State v. Slighte, 157 Wash.App. 618, 238 P.3d 83 (concluding that trial counsel is not deficient for failing to anticipate changes in relevant case law and adjusting legal trial strategy accordingly), petition for review filed (Wash. Sept. 3, 2010) (No. 85027-5); State v. Pearsall, 156 Wash.App. 357, 361-62, 231 P.3d 849 (finding that trial counsel's failure to file a suppression motion in anticipation of Gant does not constitute deficient performance), petition for review filed (Wash. June 28, 2010) (No. 84734-7); State v. Millan, 151 Wash.App. 492, 502, 212 P.3d 603 (2009) (recognizing that "defense counsel's failure to move to suppress the seized firearm in the trial court would not constitute ineffective assistance because pre-Gant case law indicated that the seizure was valid"), review granted, 168 Wash.2d 1005, 226 P.3d 781 (2010).[2] The majority of our federal counterparts are in accord. See United States v. Fields, 565 F.3d 290, 296 (5th Cir.) (recognizing that a majority of circuits of the United States Courts of Appeal find that counsel's failure to anticipate changes in the law does not amount to ineffective assistance), cert. denied, ___ U.S. ___, 130 S.Ct. 298, 175 L.Ed.2d 199 (2009).
¶ 10 Mr. Brown correctly points out that trial counsel have a duty to research relevant law. At the time Mr. Brown's plea agreement was finalized, the United States Supreme Court had not yet issued Gant; it was not yet relevant law. Mr. Brown's trial counsel thus had no responsibility to seek it out. Mr. Brown nonetheless argues that with computer research, his counsel could have determined that Gant was pending and that the lower court's holding was on point and favorable to his position. But imposing such a duty would place an unreasonable burden on defense counsel and set a standard for diligence that obliges counsel to raise issues in anticipation of any possible change in the law. The burden on defense counsel would be especially onerous in the plea bargain context, because the consequence of a mistaken prediction could be far more adverse than time and effort spent on a failed argumentit could be the lost offer of a favorable plea. Accordingly, trial counsel's failure to advise his client of pending cases during the plea bargaining process cannot constitute ineffective assistance.
¶ 11 Because Mr. Brown has not shown that his trial counsel failed to actually and substantially assist him in the plea bargaining process, his argument fails on the deficiency prong alone; there is no need to address prejudice. Since Mr. Brown argues that his guilty plea was not voluntary or knowing exclusively on ineffective assistance grounds, there is no need to otherwise consider the validity of the plea.
¶ 12 Defense counsel's performance was not deficient and Mr. Brown's plea was knowingly, intelligently, and voluntarily entered into between him and the State.

*779 STATEMENT OF ADDITIONAL GROUNDS
¶ 13 In his statement of additional grounds, Mr. Brown claims that his attorney never told him of his right to appeal at all and that he would have gone to trial had counsel advised him of the then-pending Gant case. Nothing in the record substantiates his claim and he does not identify any different, meritorious issues that he would have raised had he filed a timely appeal. We will not consider the additional grounds if the appellant does not inform us of the nature and occurrence of alleged errors; we are not obligated to search the record in support of an insufficiently identified challenge. RAP 10.10(c).
¶ 14 We affirm.
WE CONCUR: KULIK, C.J., and BROWN, J.
NOTES
[1] ___ U.S. ___, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009).
[2] Slighte, Pearsall, and Millan all present additional issues not present here; it is on different issues that the Supreme Court accepted review in Millan and in State v. Robinson, noted at 151 Wash.App. 1030, 2009 WL 2233110, review granted in part, 168 Wash.2d 1001, 226 P.3d 780 (2010) (granting review "on search issue only"; see Petitions for Review: February 9, 2010, WASHINGTON COURTS, http://www.courts.wa. gov/appellate_trial_courts/supreme/ ?fa=atc_supreme.display&year=2010&petition=pr100209; Supreme Court Issues: September Term 2010, Washington Courts, http://www.courts.wa.gov/ appellate_trial_courts/supreme/issues/?fa=atc_ supreme_issues.display&fileID=2010Sep (last visited Dec. 23, 2010)).