[No. 38659-3-II.   Division Two.   November 8, 2011.]

THE STATE OF WASHINGTON, *Respondent*, v. KARLA GAE PEARSALL, *Appellant*.

*Thomas E. Doyle*, for appellant.

*Jon Tunheim, Prosecuting Attorney for Thurston County*, and *Carol L. La Verne, Deputy*, for respondent.

¶1 HUNT, J. — Karla Gae Pearsall appeals her jury conviction for unlawful possession of a controlled substance.[1] She argues that the search of her vehicle incident to her arrest was illegal and, therefore, the evidence should be suppressed. We remand to the trial court for further proceedings.

¶2 We incorporate by reference the facts set forth in our May 25, 2010 published opinion affirming Pearsall's conviction. *State v. Pearsall*, 156 Wn. App. 357, 231 P.3d 849 (2010) (Houghton, J., dissenting). We held that under our decision in *State v. Millan*, 151 Wn. App. 492, 212 P.3d 603 (2009), *reversed sub nom. State v. Robinson*, 171 Wn.2d 292, 253 P.3d 84 (2011), because Pearsall had failed to move to suppress the drug evidence seized from her car, which police had searched incident to her arrest, she had failed to preserve for appeal whether this seizure was illegal under *Arizona v. Gant*, 556 U.S. 332, 129 S. Ct. 1710, 173 L. Ed. 2d 485 (2009).[2] *Pearsall*, 156 Wn. App. at 360-61. Our state

---

[1] This appeal does not affect Pearsall's conviction for making a false or misleading statement to a law enforcement officer.

[2] The United State Supreme Court issued *Gant* after Pearsall's trial but before her direct appeal.

Supreme Court granted Pearsall's petition for review and remanded her appeal to us to reconsider in light of *Robinson*. *State v. Pearsall*, 172 Wn.2d 1003, 257 P.3d 1113 (2011). The parties submitted supplemental briefs addressing the effect of *Robinson* on Pearsall's appeal.

■■ ¶3 In *Robinson*, our Supreme Court held that (1) *Gant* applies retroactively to appellants whose cases were pending on direct appeal when the United States Supreme Court issued *Gant*, and (2) failure to raise a suppression issue below does not bar a defendant from raising a *Gant* issue for the first time on appeal if she meets four specific criteria.[3] *Robinson*, 171 Wn.2d at 303-06, 307-08. In its supplement brief, the State concedes that (1) under *Robinson*, Pearsall is entitled on appeal to challenge the vehicle search that led to her arrest and conviction on the drug possession charge; (2) the search incident to arrest was improper under *Gant*; and (3) Pearsall is entitled to relief. Resp't's Suppl. Br. at 4-5. Accepting the State's concession of legal error,[4] we hold that the vehicle search and seizure of evidence incident to Pearsall's arrest was illegal under *Gant* and the facts before us in this appeal, and we remand

---

[3] More specifically, the court stated:

> We hold that principles of issue preservation, as embodied in RAP 2.5(a), do not apply where (1) a court issues a new controlling constitutional interpretation material to the defendant's case, (2) that interpretation overrules an existing controlling interpretation, (3) the new interpretation applies retroactively to the defendant, and (4) the defendant's trial was completed prior to the new interpretation.

*Robinson*, 171 Wn.2d at 307-08.

[4] In addition to conceding that Pearsall is entitled to raise the *Gant* issue for the first time on appeal and that the vehicle search here was improper under *Gant*, the State also (1) concedes that "there is no reasonable likelihood that on remand a constitutional basis for the search of Pearsall's vehicle could be established," and (2) asks us to vacate Pearsall's conviction and to dismiss the charge. Resp't's Suppl. Br. at 5. Because we reverse on legal grounds and remand for further proceedings, we do not consider the State's proffered factual concession, which is more appropriate for the parties and the trial court to address on remand.

to the trial court for further proceedings consistent with *Robinson*.

QUINN-BRINTNALL and VAN DEREN, JJ., concur.