# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 51227-1-II |
| Respondent, | |
| v. | |
| JOSEPH RUSSELL JOHNSON, | UNPUBLISHED OPINION |
| Appellant. | |

JOHANSON, J. — A jury convicted Joseph Russell Johnson of bail jumping. Johnson appeals his conviction and asserts that the evidence was insufficient to support an essential element of bail jumping—that he *knowingly* failed to appear at his pretrial conference. We disagree and affirm Johnson's bail jumping conviction.

## FACTS

In December 2016, the State charged Johnson with second degree identity theft and third degree theft. At his arraignment, the trial court scheduled a pretrial conference for December 22 and released Johnson on his personal recognizance. In August 2017, the State filed an amended information that added a bail jumping charge. After a suppression hearing, the trial court dismissed

the identity theft and theft charges, and the case proceeded to a jury trial on the bail jumping charge alone.

The remaining facts are taken from the State's sole witness's testimony and exhibits admitted at trial. The prosecuting attorney that handled Johnson's arraignment and pretrial conference testified about the trial court's general practices and court orders that Johnson signed. The prosecutor explained that he had previously appeared before Johnson's arraignment judge "[p]robably eight or nine times" and that the judge always "read[s]" the dates listed on the scheduling orders that defendants are required to appear on. 2 Verbatim Transcript of Proceedings (VTP) at 149. Further, Johnson's defense attorney's general practice was to give copies of signed court orders to his clients. The prosecutor could not recall an instance when scheduled appearance dates were not read or copies of court orders were not given to defendants, although he acknowledged that he did not remember specifically if either happened at Johnson's arraignment.

Johnson's scheduling order required him to appear on December 22 at 1:00 PM for his pretrial conference. The scheduling order stated that Johnson "shall be present at the[ ] hearing." Ex. 3 at 1. The order instructed Johnson to report to the courtroom listed and that failure to appear would result in a warrant being issued for his arrest.

Johnson did not sign the scheduling order directly. Instead, he signed a signature pad with a stylus pen, and his signature was then exported from the signature pad to his scheduling order. Johnson did not have a chance to read or review the scheduling order before signing. At the pretrial conference, the prosecutor polled the gallery for attendance at 12:55 PM, and the court commissioner polled the gallery again at 3:58 PM at the end of the calendar. Finding that Johnson failed to appear, the trial court entered an order authorizing a warrant for his arrest.

Johnson did not testify, and the defense did not call any witnesses. The jury convicted Johnson of bail jumping. Johnson appeals.

ANALYSIS

Johnson raises two arguments for why the evidence is insufficient to prove that he *knowingly* failed to appear for his pretrial conference. First, he argues that the lack of evidence that Johnson's orders were read or that he received copies of the orders should outweigh the evidence of the court's general practices.[1] Second, he argues that his signature on his scheduling order does not constitute notice because he signed a signature pad and not the court order itself. We hold that the evidence is sufficient to prove Johnson knowingly failed to appear.

We review challenges to the sufficiency of the evidence de novo. *State v. Rich*, 184 Wn.2d 897, 903, 365 P.3d 746 (2016). The State has the burden of proving all of the elements of a crime beyond a reasonable doubt. *Rich*, 184 Wn.2d at 903. When reviewing a claim of insufficient evidence, we ask whether a rational trier of fact could find that all of the crime's essential elements were proven beyond a reasonable doubt. *Rich*, 184 Wn.2d at 903.

We view the evidence in the light most favorable to the State. *Rich*, 184 Wn.2d at 903. And the defendant admits the truth of the State's evidence and all reasonable inferences that arise

---

[1] Johnson briefly argues that the prosecutor's testimony about "eight or nine times" was insufficient to establish a habit or general practice. Br. of Appellant at 6. We decline to address this argument, which is unsupported by citation to legal authority. *See Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

therefrom. *State v. Cardenas-Flores*, 189 Wn.2d 243, 265, 401 P.3d 19 (2017). Both circumstantial and direct evidence are considered equally reliable. *Cardenas-Flores*, 189 Wn.2d at 266.

The essential elements of bail jumping are that the defendant "'(1) was held for, charged with, or convicted of a particular crime; (2) was released by court order or admitted to bail with the requirement of a subsequent personal appearance; and, (3) knowingly failed to appear as required.'" *State v. Williams*, 162 Wn.2d 177, 183-84, 170 P.3d 30 (2007) (emphasis omitted) (quoting *State v. Pope*, 100 Wn. App. 624, 627, 999 P.2d 51 (2000)). In order to meet the knowledge requirement of bail jumping, the State must prove that a defendant has been given notice to appear at his required court dates. *State v. Cardwell*, 155 Wn. App. 41, 47, 226 P.3d 243 (2010), *modified on remand on other grounds*, 166 Wn. App. 1011 (2012).

Johnson challenges only the "knowledge" element of bail jumping. But there is sufficient evidence to support this element beyond a reasonable doubt. The prosecutor testified that the judge presiding over Johnson's arraignment always "read[s]" the orders for scheduled appearances and that Johnson's defense attorney "is good about" providing copies of the court orders to his clients. 2 VTP at 149-52. Although the prosecutor did not have a direct recollection of either happening in Johnson's case, he stated that he could not recall a time when either did not occur.

The prosecutor's testimony, when viewed in the light most favorable to the State, creates a reasonable inference that Johnson was read the dates of his scheduled appearance and was given a copy of his scheduling orders. *See Cardenas-Flores*, 189 Wn.2d at 266. On the basis of the prosecutor's testimony, a rational trier of fact could find that Johnson had notice of his scheduled

pretrial conference, thereby satisfying the knowledge requirement of bail jumping. *See Rich*, 184 Wn.2d at 903.

Additionally, Johnson argues that his signature on his scheduling orders does not constitute notice given the fact that he signed only a signature pad and not the order itself. Although true, this argument overlooks the circumstantial evidence that the judge's general practice was to read the scheduling order to the defendant and the defense counsel's general practice was to provide copies of the signed orders to the defendant.

Johnson relies on *Cardwell*, a case in which there was insufficient evidence that the defendant knew that he had a scheduled appearance because his notice was mailed and never reached him. 155 Wn. App. at 47. *Cardwell* is distinguishable. Here, the prosecutor's testimony about the judge's and defense counsel's general practices is sufficient evidence of Johnson's knowledge of his scheduled pretrial conference. Thus, Johnson's reliance on *Cardwell* is misplaced.

## CONCLUSION

The prosecutor's testimony, when considered in the light most favorable to the State, is circumstantial evidence that would allow a rational trier of fact to find that Johnson knowingly failed to appear at his pretrial conference. Thus, Johnson's challenge to the sufficiency of the evidence fails.

No. 51227-1-II

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, J.

We concur:

WORSWICK, J.

MAXA, C.J.