# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| THE STATE OF WASHINGTON,<br><br>Respondent,<br><br>v.<br><br>LISA WATER WONG,<br><br>Appellant. | No. 86262-6-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

BIRK, J. — A jury convicted Lisa Wong of five counts of rape of a child in the first degree. She challenges the court's jury instructions, which it adopted from the parties' jointly proposed pattern instruction, that "[y]our verdict on one count should not control your verdict on any other count." We hold her claim is barred under the invited error doctrine and her statement of additional grounds (SAG) claims are insufficient. We affirm her convictions.

I

The State charged Wong with five counts of rape of a child in the first degree. Both parties proposed a jury instruction identical to a Washington pattern instruction, which reads: "A separate crime is charged in each count. You must decide each count separately. Your verdict on one count should not control your verdict on [any] [the] other count." 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 3.01, at 92 (5th ed. 2021) (WPIC).

The court reviewed the parties' proposals and observed,

I think the instructions that both of you provided were almost the same. The only difference was [Wong] presented "the Defendant does not have to testify," and clearly she did, and so I didn't include that instruction. Nor did I include the instruction that would have logically gone with that; that you can't take anything away, essentially, or take any meaning from her failure to testify.

So with those two exceptions, I believe the instructions that the parties submitted were exactly the same, and I used the State's exhibits—or sorry—instructions just for the similarity in formatting.

The court then asked whether the parties had "any objections or exceptions to these instructions?" Other than Wong referencing a "404(b) limiting instruction," the parties made no exceptions to the instructions. The parties' proposed WPIC 3.01 became instruction 3.

After trial, the jury convicted Wong as charged. Wong appealed and filed a SAG with this court.

II

Wong argues "Instruction No. 3 fails to make the relevant legal standard manifestly clear for the average juror" as "[b]y use of the word 'should' in the third sentence instead of 'shall,' the instruction negates or at least obfuscate[s] the mandatory directive in the second sentence to 'decide each count separately.' "

"The invited error doctrine prohibits a party from setting up an error at trial and then challenging that error on appeal." State v. Kelly, 25 Wn. App. 2d 879, 885, 526 P.3d 29 (2023), aff'd, 4 Wn.3d 170, 561 P.3d 246 (2024). "To determine whether the invited error doctrine applies, we consider whether the defendant 'affirmatively assented to the error, materially contributed to it, or benefited from

it.' " Id. (quoting State v. Momah, 167 Wn.2d 140, 154, 217 P.3d 321 (2009), abrogated on other grounds by Presley v. Georgia, 558 U.S. 209, 211-12, 130 S. Ct. 721, 175 L. Ed. 2d 675 (2010)).

While "merely failing to object does not invite error," "a defendant that erroneously requests a jury instruction may not then appeal the instruction." Id. "When a defendant proposes an instruction that is identical to the instruction the trial court gives, the invited error doctrine bars an appellate court from reversing the conviction because of an error in that jury instruction." State v. Summers, 107 Wn. App. 373, 381, 28 P.3d 780, 43 P.3d 526 (2001). "This holds true even if the defendant merely requests a standard [WPIC] approved by the courts." Id.

Wong does not dispute that she proposed WPIC 3.01 language used in instruction 3 and acknowledges she did not object to instruction 3. Wong's instructional claim is thus foreclosed under the invited error doctrine.[1]

III

Wong filed a SAG with this court under RAP 10.10. For SAGs, "[r]eference to the record and citation to authorities are not necessary or required." RAP 10.10(c). However, "the appellate court will not consider a defendant's statement

---

[1] This court also held that "when defense counsel offers an inadequate jury instruction, we reach the merits of the challenge in order to determine whether the defendant received ineffective assistance of counsel." State v. Morgan, 123 Wn. App. 810, 818-19, 99 P.3d 411 (2004). Wong's appellate brief does not assert an ineffective assistance of counsel claim. To the extent Wong's SAG attempts to assert such a claim, this court held that an "attorney's performance was not rendered deficient merely because they proposed a standard instruction over a novel one." State v. Sanchez, 29 Wn. App. 2d 382, 390, 546 P.3d 436, review denied, 3 Wn.3d 1007, 551 P.3d 438 (2024); State v. Brown, 159 Wn. App. 366, 371, 245 P.3d 776 (2011) ("an attorney's failure to raise novel legal theories or arguments is not ineffective assistance.").

of additional grounds for review if it does not inform the court of the nature and occurrence of alleged errors." Id. The appellate court is also "not obligated to search the record in support of claims made in a defendant's statement of additional grounds for review" and "[o]nly documents that are contained in the record on review should be attached or referred to in the statement." Id.

Wong's SAG asserts a prosecutorial misconduct claim and an ineffective assistance of counsel (IAC) claim. She also claims she has "been convic[t]ed of crime[s] due to the law enforceme[nt] falsely [j]udgment on my behalf."

Wong's failure to address the legal requirements for her claims is not dispositive. RAP 10.10(c). Even so, she repeatedly urges us to reassess the jury's credibility determinations and references matters outside the record, both of which we are foreclosed from reviewing on appeal. State v. Anderson, 153 Wn. App. 417, 432 n.8, 220 P.3d 1273 (2009) ("The jury assessed the witnesses' credibility and determined that the State's witnesses were more credible . . . . Credibility determinations are for the trier of fact and are not subject to review on appeal."); State v. Grier, 171 Wn.2d 17, 29, 246 P.3d 1260 (2011) (noting the "reviewing court may consider only facts within the record"); RAP 10.10(c).

Wong's claims of prosecutorial misconduct and that law enforcement "falsely" pursued its investigation reargue the jury's resolution of competing facts, or reference matters outside the record. For example, Wong alleged numerous instances where the "accuser lie[d] again," claimed the "testimonies were misleading," or asked "[d]id the law enforcement ever look into [the accuser's] history?" We cannot review either claim on direct appeal.

4

Part of Wong's IAC claim similarly references numerous conversations from outside the record, which we cannot review on direct appeal. Grier, 171 Wn.2d at 29 ("While off-the-record conversations between [a defendant] and her attorney may be germane to her ineffective assistance claim, [the defendant] must file a personal restraint petition if she intends to rely on evidence outside of the trial record.").

Wong's IAC claim also describes evidence she contends her lawyer did not present, including information from a polygraph test, from her investigator, from a psychological evaluation she underwent, among other things.

To make an IAC claim, a defendant must make two showings: (1) that their counsel's representation was deficient, and (2) that the deficient representation prejudiced the defendant. State v. McFarland, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). We review IAC claims de novo. State v. K.A.B., 14 Wn. App. 2d 677, 707, 475 P.3d 216 (2020). For the first prong, Wong must overcome a "strong presumption that counsel's performance was reasonable." State v. Kyllo, 166 Wn.2d 856, 862-63, 215 P.3d 177 (2009). "Because the presumption runs in favor of effective representation, the defendant must show in the record the absence of legitimate strategic or tactical reasons supporting the challenged conduct by counsel." McFarland, 127 Wn.2d at 336. Under this inquiry, her counsel had "no duty to pursue strategies that reasonably appear unlikely to succeed," State v. Brown, 159 Wn. App. 366, 371, 245 P.3d 776 (2011), and had no duty to present novel legal theories or arguments. State v. Clark, 17 Wn. App. 2d 794, 799, 487 P.3d 549 (2021).

Wong's generalized assertions, such as claiming this evidence would show she "didn't lie to the law enforcement" or that she was "of sound mind and body," fail to overcome this strong presumption. As Wong fails to show deficient performance, we need not consider prejudice. K.A.B., 14 Wn. App. 2d at 707 (a prong of the two-part test is not considered if one prong is not satisfied).[2]

We reject Wong's SAG claims.

Affirmed.

Birk, J.

WE CONCUR:

Chung, J.

---

[2] To the extent Wong implicitly disputes the court's refusal to permit certain evidence at trial, "[t]rial judges have great discretion in the admission of evidence at trial and decisions to admit or exclude evidence will be overturned only for manifest abuse of discretion." State v. Disney, 199 Wn. App. 422, 432, 398 P.3d 1218 (2017). Wong offers no substantive argument to overcome this wide discretion.